AMZI B. DAVENPORT, Appellant, v. THE BROOKLYN CITY RAIL-ROAD COMPANY, Respondent.

(Argued October 28, 1885 ; decided November 24, 1885.)

THIS action was brought to recover damages for injuries sustained by plaintiff in endeavoring to get on to one of defendant's street cars, alleged to have been caused by defendant's negligence. Plaintiff was nonsuited on trial.

The following is the *mem.* of opinion :

" We think the plaintiff was properly nonsuited. We do not perceive how it was possible for him to be injured without

some carelessness on his part. At the place where he was injured there were two railway tracks in Fulton street, running north and south. A car of the defendant was upon the easterly track going north, and a De Kalb avenue car was upon the westerly track going south. The plaintiff in the month of August, when it was perfectly light, being desirous to take the De Kalb avenue car, passed from the easterly side of Fulton street over both tracks to see if the car was coming, and saw it coming. He then recrossed both tracks to the easterly curb of the street, and then as the car came near him he signaled for it to stop, and crossed over the easterly track into the space between the tracks, and then, as the De Kalb avenue car stopped to let him on, and as he was in the act of getting on, he looked southerly and saw the defendant's car coming, fifty or seventy-five feet from him. Before he got on he was hit by that car and injured. The horses attached to the defendant's car were trotting at the rate of about five miles an hour. After seeing the defendant's car coming he testified that he paid no more attention to it until he was hit by it. It further appeared that defendant's car could be seen as it was approaching the place where the plaintiff stood for a distance of at least two hundred and fifty feet. When the plaintiff was on the westerly side of the tracks he was in a place of entire safety, and he could have entered the car on that side without any risk of injury, and why he recrossed the tracks does not appear. It does not appear how much space there was between the two tracks. If there was space enough so that the cars could pass without hitting a person carefully s⁺  .ing between them, then it is impossible to perceive how the plaintiff was injured without carelessly exposing himself to the collision. If there was not space enough then the plaintiff, knowing that cars were almost constanly passing  at that point, should not have put himself in a place of danger; and knowing that it was a place of danger he should have guard   inst the  when he was able to see an approaching car for two hundred and fifty feet. He actually saw the defendant's car coming when he took his place between the tracks, in time to escape collision. He could have returned to the easterly side of the street out

of danger, or he could have got upon the De Kalb avenue car before defendant's car could have traversed the distance of from fifty to seventy-five feet. The defendant's car was upon a track where it had a right to be. It was in plain sight as it approached the plaintiff, and he was bound to use his eyes and to exercise vigilance to keep out of its way. There was certainly no basis in the evidence for a finding by a jury that the accident was due solely to the carelessness of defendant.

"The judgment should be affirmed."

*Jerry A. Wernberg* for appellant.

*Winchester Britton* for respondent.

EARL, J., reads for affirmance.
All concur, except DANFORTH, J., dissenting.
Judgment affirmed.