## SCOTT *v.* THIRD AVE. R. CO.

*(Supreme Court, General Term, First Department.* November 13, 1891.)

1. HORSE AND STREET RAILWAYS—INJURIES AT CROSSINGS—NEGLIGENCE.
    In an action against a street-railway company for the death of plaintiff's husband, it was shown that he and plaintiff had stopped near defendant's south track at a street crossing to await the passing of a cable-car on the north track, and that as soon as it had passed they attempted to cross, but were scarcely over the first rail of the south track when they were struck by a car thereon, which was almost upon them when they started, and the husband suffered injuries of which he died. The street was straight and well lighted, the night clear, and the car by which they were struck had a head-light with a reflector. The only evidence that the husband looked in the direction from which the car was approaching was given by plaintiff, who, however, only inferred that he did so because "it was the natural thing to do." *Held,* that the accident was due solely to the negligence or misfortune of the deceased.

2. SAME—EVIDENCE.
    The fact that the gripman of the car that struck deceased was at the moment of the accident looking to one side is not sufficient to show him guilty of negligence, when he had immediately before seen plaintiff and deceased standing by the side of the track apparently engaged in conversation, and so had no reason to anticipate that they would attempt to cross in front of his car.

Appeal from circuit court, New York county.

Action by Catharine Scott, as administratrix of Frank Scott, against the Third Avenue Railroad Company, for the death of plaintiff's intestate. There was a verdict for plaintiff, and judgment thereon; from which, and from an order denying a new trial, defendant appeals. Judgment and order reversed. For former report, see 13 N. Y. Supp. 344.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*Hoadly, Lauterbach & Johnson, (Wm. N. Cohen,* of counsel,) for appellant. *George W. Wilson,* for respondent.

VAN BRUNT, P. J. It appeared from the evidence developed upon the trial of this case that the plaintiff and her husband lived on Second avenue, between 125th and 126th street, and that on 125th street is a railroad upon which cable-cars are operated, and that both the plaintiff and her husband had been accustomed to ride upon these cars. On the 16th of May, 1889, the plaintiff and her husband had gone to visit Mrs. Marshall, who lived about two blocks from where they lived, and about half past 9 o'clock in the evening they started to go home, proceeding northward along the west sidewalk of Second avenue. Upon coming to the railroad track on 125th street, they looked east, and saw a west-bound car approaching on the north track, and waited just south of the south track for it to pass. As soon as this west-bound car had cleared the cross-walk, they attempted to cross, and, stepping upon the south track, were instantly struck by an east-bound car, which was only a short distance from them when they attempted to cross. The east-bound car could have been seen a long distance before it approached the crossing. Both were knocked senseless, and the plaintiff's husband died from the effects of the shock. It further appeared that it was a clear night, and that 125th street is

straight, broad, and well lighted with electric lights.   The colliding car had a head-light and locomotive reflector, and there was evidence from which a jury might find that it was proceeding at a high rate of speed.   The eyesight and hearing of both the plaintiff and deceased were good.   There was evidence tending to show that, although the west-bound car was ringing a bell, the east-bound car was not; and that the gripman of the east-bound car, with which the plaintiff and her husband collided, was looking to the north, and not along the line of the track.

One of the claims presented upon the part of the appellant is that the evidence not only failed to show that the deceased was not guilty of contributory negligence, but such fact affirmatively appeared; and this claim is predicated upon the fact that there is no evidence that the deceased looked before he stepped upon the track for the approaching car, and that the proof is explicit that if he had done so he would have seen the danger, and not have stepped upon the track in front of the car.   It is true that the plaintiff swore that both she and her husband looked both ways, and that they only saw the west-bound car.   But it is to be observed that upon cross-examination it was shown that it was a mere inference upon her part that her husband looked, or even that she looked.   She was asked, "How do you know your husband looked?" and she answered, "I think it was perfectly natural for him to look." "*Question.* That is the only reason you know he looked?   *Answer.* Yes." It is apparent, therefore, from the testimony of this witness, which is the only evidence that this precaution had been taken, that she has no recollection whatever that she saw the deceased look for the east-bound car.   It appears from the testimony of the other witnesses in the case that these parties were seen standing upon the side of the road apparently talking to each other, and that, just as this car was upon them, they stepped in front, and were almost instantly struck.   It being a clear night, the car having its head-light lighted, and there being no obstruction to their vision, it is apparent that if they had looked they must have seen the approaching car; and if, notwithstanding the approach of the car, they attempted to cross the street in front of it, they ran the risk of being struck by it before they could reach a place of safety.   In the case of *Fenton* v. *Railroad Co.*, 126 N. Y. 625, 26 N. E. Rep. 967, the rule is distinctly laid down that street railways have a preference in the street, and, while they must be managed with care so as not to injure persons in the street, pedestrians must yet use reasonable care to keep out of their way.

It is urged that if the gripman had been looking towards these people the accident might have been avoided.   But it is clear, from the testimony of the other witnesses who were examined upon the trial, that the gripman had no reason to anticipate that these people were about to cross immediately in front of his car.   He swears that he saw them in conversation, apparently, and that when the car was almost upon them they stepped in front of it, and attempted to cross the track; and the fact, which is established beyond question, that these parties had hardly crossed the first rail of the track before they were struck, shows that the car was immediately upon them when they attempted to cross.   Under such circumstances, the gripman, seeing the parties standing there as testified to, would have no reason to apprehend that they were going to cross in front of the approaching car.   In the case of *Davenport* v. *Railroad Co.*, 100 N. Y. 632, 3 N. E. Rep. 305, it was also expressly held that, where a party crosses a city railroad track, he is bound to use his eyes, and exercise vigilance to keep out of the way of the cars upon the track.   In this case it seems to us the evidence shows that these persons did not resort to the most ordinary means of insuring safety in crossing the street, or the accident would never have happened.   As already stated, the car was in full sight.   It may be that it was approaching at a very high rate of speed, but that fact in no way interfered with the vision of these parties; and the fact

is also established that they were struck almost immediately as they attempted to cross the track. It seems to us clear that these persons were watching the west-bound car, and had no thought for the east-bound car, and when the west-bound car passed they stepped upon the track in front of the east-bound car, and were immediately struck. This uncontradicted evidence shows, as the evidence in *Fenton* v. *Railroad Co.* showed, that the accident was due either to the negligence or the misfortune of the deceased only. The judgment appealed from must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.