(6 Misc. Rep. 382.)

### HAMILTON v. THIRD AVE. R. CO.

(Common Pleas of New York City and County, General Term.  January 4, 1894.)

1. CONTRIBUTORY NEGLIGENCE—DISMISSAL OF COMPLAINT.
     When the contributory negligence of the plaintiff is an inevitable inference from the evidence, it is error not to dismiss the complaint.
2. SAME—WHAT CONSTITUTES NEGLIGENCE.
     An attempt to pass, with a wagon, in front of a cable car 40 feet away, and approaching at a speed of 10 miles an hour, is negligence as matter of law.

(Syllabus by the Court.)

Appeal from trial term.

Action by Richard Hamilton against the Third Avenue Railroad Company.  From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.  Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Hoadly, Lauterbach & Johnson, (Wm. N. Cohen, of counsel,) for appellant.

H. M. Gescheidt, for respondent.

PRYOR, J.   It is a question of extreme doubt whether the plaintiff gave sufficient proof of negligence on the part of the defendant to justify the submission of the issue to the jury.   Conceding to him, however, a compliance with that condition of recovery, we are perfectly satisfied, upon a careful consideration of the evidence, that he not only fails to acquit himself of contributory negligence, but shows to demonstration that his injury was the effect of his own fault.   The action is for damages from a collision with defendant's cable car, and the state of fact apparent on the close of the case is substantially this:  Driving a provision wagon, plaintiff attempted to cross from the south to the north side of 125th street, between 7th and 8th avenues.   From the west, along the street, a cable car was coming at the usual speed,—that is, about 10 miles an hour.  The day was bright and clear.   Plaintiff was familiar with the street, and knew that cable cars were running on it.   As he went over he saw the car coming, about 40 feet away.   Nevertheless, he persisted in his course.   His witness testified:   "I saw him [the plaintiff] just driving out, and the car was almost up to him.  He started, and the car was coming very rapidly, and it came on him quicker than he supposed."   The car struck the wagon on the hind wheel, and tilted it over; and thus the plaintiff sustained his injury.   Before the plaintiff started over the street, he was in a position of security.   Seeing the car approach so rapidly, and at

so short a distance away, he took the chance of crossing in safety; and he must abide the result of his rash experiment. Belton v. Baxter, 54 N. Y. 245; Woodard v. Railroad Co., 106 N. Y. 369, 374, 13 N. E. 424; Wendell v. Railroad Co., 91 N. Y. 420, 428; McClain v. Railroad Co., 116 N Y. 459, 465, 22 N. E. 1062; Davenport v. Railroad Co., 100 N. Y. 632, 3 N. E. 305; McPhillips v. Railroad Co., 12 Daly, 365. We are of opinion that the fact of the plaintiff's contributory negligence is the inevitable inference from his own evidence, and that it was error to deny a dismissal of the complaint. Lee v. Gaslight Co., 98 N. Y. 115; Wiwirowski v. Railway Co., 124 N. Y. 420, 26 N. E. 1023. Judgment reversed, and new trial ordered; costs to abide the event. All concur.