(8 Misc. Rep. 313.)

### A. L. & J. J. REYNOLDS CO. v. THIRD AVE. R. CO.

(Common Pleas of New York City and County, General Term. May 17, 1894.)

1. NEGLIGENCE—CROSSING STREET-CAR TRACK WITHOUT LOOKING.
    A person who is struck by a street car while attempting to cross the track 25 feet in front of the approaching car, without looking to see whether a car is approaching or not, is guilty of contributory negligence.

2. SAME—COMPARATIVE NEGLIGENCE.
    The doctrine of comparative negligence is not recognized in New York.

Appeal from third district court.

Action by the A. L. & J. J. Reynolds Company against the Third Avenue Railroad Company. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

John Verno Bouvier, Jr., for appellant.

L. B. Bunnell, for respondent.

PER CURIAM. This action was brought to recover damages for injury to respondent's wagon, resulting from a collision with one of appellant's cars. In the case of Hamilton v. Railroad Co., reported in 6 Misc. Rep. 382, 26 N. Y. Supp. 754, this court, at general term, held that, where the plaintiff undertook to cross the railroad tracks, seeing a trolley car at a distance of some 40 feet, it was negligence on his part to make such an attempt. In this case, while the car was not moving as rapidly as in the Hamilton Case, yet the distance was only 25 feet ahead of the car; and it affirmatively appears, and is uncontradicted, that the plaintiff did not in any way look out to see whether a car was approaching him or not, or how far distant it was. In our judgment, that constitutes negligence on the part of the servant, which would preclude a recovery in this action.

It is argued on behalf of the respondent, however, that, notwith-

standing this negligence, appellant's servants could, by the exercise of greater prudence and care on their part, have prevented the collision. Such an argument brings up the contention of comparative negligence, a doctrine not recognized by the courts of this state. As we understand our law, it is that, where the plaintiff is guilty of any negligence which contributes to the accident or injury sustained by him, there can be no recovery. That he did thus contribute to the accident in this case, in our judgment, is clear, and therefore we feel compelled to reverse the judgment, and order a new trial, with costs to the appellant to abide the event.