JAMES H. CRABTREE, Respondent, v. WILLIAM C. OTTERSON, Appellant.

*Law of the road — duty of the driver of a vehicle who changes his course, as to vehicles following him.*

A person driving upon a public highway, who desires to change the course which he is pursuing, is only bound to use reasonable precautions not to embarrass the movements of a following and overtaking vehicle which is attempting to pass him, and it is, therefore, erroneous for the court, in an action brought by the party overtaking such person to recover damages for injuries received from a collision, to charge the jury, as matter of law, that the driver of the vehicle in advance is bound "to see to it" that he changes his course in such a way that he will not come into collision with the vehicle following him.

APPEAL by the defendant, William C. Otterson, from a judgment of the County Court of Kings county in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 1st day of May, 1897, upon the verdict of a jury, and also from an order entered in said clerk's office on the 1st day of May, 1897, denying the defendant's motion for a new trial.

*James C. Bergen,* for the appellant.

*James D. Bell,* for the respondent.

GOODRICH, P. J.:

The action was brought to recover damages for injuries received by the plaintiff while driving on Ocean parkway in Brooklyn, by reason of a collision between the defendant's coupé and the plaintiff's wagon, on the afternoon of January 2, 1896. The Ocean parkway is a broad thoroughfare running from the park entrance to Coney Island. The defendant's coupé was proceeding at slow speed on the right-hand side of the road toward the beach. The driver, intending to return to the park, began to turn his wagon to the left, out into the roadway, when it was run into by the plaintiff, who was speeding his horse down the road in the same direction that the defendant's coupé was going. The vehicles came into collision, the plaintiff's wagon was upset, and he was thrown out and received serious injury. The jury rendered a verdict for the plaintiff, a motion was made for a new trial and the same was denied. From the judgment entered on this verdict the defendant appeals.

It is unnecessary to state any other facts, as the decision of this appeal will turn upon the charge of the learned court below. It charged : " It was the duty of the (defendant's) driver, when he undertook to change his course, to see to it he did it in such a way that he would not come in collision with vehicles behind him."

The exception to the charge raises a question as to the rights and duties of drivers of vehicles on the public highway where the one is overtaking the other. We think it is clear that the learned court was in error in charging as matter of law that the defendant was bound " to see to it " that he turned in such a way that he would not come into collision with overtaking vehicles. A person driving upon a public highway in advance of another vehicle is not bound

to give way or to give facilities to the overtaking vehicle to enable it to pass ; but he is bound to refrain from any manœuvre calculated to embarrass an overtaking vehicle in its attempt to pass.   He is bound to use reasonable precautions, such as a prudent man would use, if he desires to turn from the track he is pursuing ; but he is not bound positively to see to it that his movements will not result in collision.   The charge of the learned court imposed upon the defendant the duty of acting in such a way that a collision would be impossible, and was calculated to impress the jury with the belief that the court had decided as matter of law that the defendant was guilty of negligence.   It is true that the court submitted to the jury the negligence of the defendant as matter of fact, but we do not think that this cured the error of the previous portion of the charge.

The judgment must be reversed and a new trial granted.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.