CHARLES DEVINE, Respondent, *v.* THE BROOKLYN HEIGHTS RAIL-ROAD COMPANY, Appellant.

*Negligence — collision between an electric car and a wagon upon the tracks ahead of the car — failure of the motorman to give timely warning, and of the driver of the wagon to look back.*

In an action against a railroad company to recover damages for personal injuries caused by one of the defendant's electric cars running into the rear of a wagon driven by the plaintiff upon the defendant's tracks, a charge by the court that the plaintiff " had the right to assume that they (the railroad company) would give him timely warning of its approach — the motorman," is improper, as no absolute duty to give warning under all circumstances is imposed upon the company.

Whether in such a case the company was guilty of negligence in not giving timely warning, and whether the plaintiff was guilty of contributory negligence in not looking backwards to discover the approach of the car, are questions of fact for the jury to determine under all the circumstances of the case.

APPEAL by the defendant, The Brooklyn Heights Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 5th day of April, 1898, upon the verdict of a jury for $20,000, and also from an order entered in said clerk's office on the 22d day of April, 1898, denying the defendant's motion for a new trial made upon the minutes.

*John L. Wells,* for the appellant.

*S. D. Morris,* for the respondent.

WOODWARD, J.:

The plaintiff in this action was injured in a collision between a car operated by the defendant and a wagon driven by the plaintiff in one of the streets of the borough of Brooklyn. The accident occurred on the 19th day of December, 1896, at six-twenty P. M., at a point between Seventy-seventh and Seventy-eighth streets, on Third avenue. The plaintiff was driving on the avenue, using the tracks of the defendant. There was evidence to show that the night was dark, and that the highway was not well lighted. The plaintiff had been driving on the tracks of the defendant for a considerable

distance and had, on one or more occasions, turned out, on a signal from the motorman, to allow cars to pass.

At the time of the accident it appears that he had not been keeping watch behind him, and the first intimation which he had of the approach of the car was given him by his son, who, looking around and seeing the car within a few feet, called attention to the fact. Before the plaintiff could get clear of the tracks his wagon was struck, and he was thrown to the ground, receiving the injuries complained of. The motorman testified that he did not see the wagon ahead of him on the tracks until he was within twenty-five feet of the wagon, when he applied the brake, but was unable to stop the car until the collision, although it was running at a speed of about six miles per hour. It was in evidence that the car was running down a grade of something over two feet in one hundred, and the motorman testified that he could stop the car at the point of the collision in about the length of the car.

The case was submitted to the jury upon the question of negligence on the part of the defendant, and contributory negligence on the part of the plaintiff, the court correctly stating the rule of law applicable to the case in the general charge. The error in the case appears in the statement of law made by plaintiff's counsel and acquiesced in by the court, on a request by the defendant to charge "that the plaintiff had no right to suppose or presume that the car would come up and stop before it reached him." This the court charged. Plaintiff's counsel then suggested that "he had the right to assume that they would give him timely warning of its approach — the motorman." To this the court replied, "I have so charged," thus giving the jury to understand that if the defendant had failed to give "timely warning" the plaintiff was absolved from all contributory negligence.

This is not the law. While it was the duty of the motorman to give timely warning if he saw the wagon, or if he might, in the exercise of reasonable care, have seen the wagon in time to have given such warning, he was not bound to do so under all circumstances; and it was for the jury to determine, under all the circumstances of this case, whether the motorman had discharged his duty, and whether the plaintiff had been free from contributory neg-

ligence. The defendant did not have the absolute right to the use of the tracks; the plaintiff might lawfully drive upon them; but the defendant did have the paramount right, and the plaintiff could not drive upon the tracks of the defendant and impose upon it the absolute duty of giving timely warning of the approach of the car. The plaintiff was charged with the duty of exercising reasonable care while using the tracks of the defendant to guard against collision. He could not depend upon the motorman to give timely warning; he was bound to exercise that degree of care which reasonably prudent persons should or would have exercised under the same conditions, and if he failed in this regard he was not entitled to recover damages under the law. He could not enter upon the tracks of the defendant and, closing his eyes to his surroundings, await the timely warning of the defendant's motorman.

"He is bound," say the court in the case of *Adolph* v. *Cen. Park, N. & E. River R. R. Co.* (76 N. Y. 530, 537), "to keep out of the way when the need, under such circumstances, arises that he should. Hence, there is upon him the duty of learning, when the need has arisen or is likely to arise; and as it is a duty actively to be performed he is bound to use all the ordinary means of learning; and all his natural senses are surely a part of those means, and to be used in such way as that they will bring information to him, so that he may not wait to hear a signal of the approach of a car, but he must at intervals look backward for it. He is enjoying a right liable to frequent interruption. It is a condition of his enjoyment of it that he make no needless delay. He should use his senses to effect that result." This rule is sustained by the court in the case of *Davenport* v. *Brooklyn City R. R. Co.* (100 N. Y. 632) and in *McClain* v. *Brooklyn City R. R. Co.* (116 id. 459, 465). Indeed, it is the only rule of law consistent with justice under the circumstances of this case. In quoting the language of the opinion of Judge FOLGER in *Adolph* v. *Cen. Park, N. & E. River R. R. Co.* (*supra*) we do not wish to be understood to have overlooked the limitations placed upon the doctrine there laid down by the cases of *Fleckenstein* v. *Dry Dock, etc., R. R. Co.* (105 N. Y. 655) and *Fishbach* v. *Steinway Ry. Co.* (11 App. Div. 152); nor do we wish to decide that, as a matter of law, it is negligence for the driver to fail to turn and look backwards to discover the approach

of a car from the rear.  But it is a question of fact for the jury whether, under the circumstances of the case, such precaution was necessary.

The jury are to determine, as a question of fact, whether, under all the circumstances, the defendant was guilty of negligence in not giving timely warning, and it is equally a question for the jury whether the plaintiff has been guilty of contributory negligence, and this question is entirely out of the control of the jury, if, as a matter of law, the plaintiff had a right to rely upon the defendant giving him timely warning that it desired the use of the tracks.  If the night was dark and the highway poorly lighted, so that the defendant's motorman, in the exercise of reasonable care, could not have seen the wagon of the plaintiff in time to prevent the accident, he was not bound, as a matter of law, to give such warning. On the other hand, if the plaintiff, lawfully using the tracks of the defendant, subject to its paramount right, could, by the exercise of reasonable care, have discovered the approaching car in time to have left the track before the car reached him, it was his duty to do so ; and, in the absence of evidence tending to show such reasonable care, the jury would have been justified in finding that the plaintiff had not been free from contributory negligence, which is necessary to maintain this action.  It was, therefore, error for the trial court to leave the jury with the understanding that the defendant owed the plaintiff the absolute duty of giving timely warning of the approach of the car.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

*Judgment and order reversed and new trial granted, costs to abide the event.*