### QUINN v. BROOKLYN CITY R. CO.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

STREET RAILROADS—COLLISION—CONTRIBUTORY NEGLIGENCE.

> A person driving on a highway, and along the tracks of a street-car line, who, before coming near enough to the track to encounter danger from a passing car, fails to listen and to look to see whether a car is approaching, is guilty of contributory negligence.

Appeal from trial term, Kings county.

Action by James Quinn against the Brooklyn City Railroad Company for personal injuries. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John L. Wells, for appellant.
P. E. Callahan, for respondent.

GOODRICH, P. J. The plaintiff on July 29, 1893, about 2 o'clock a. m., was driving a cab southerly along Flatbush avenue, in the city of Brooklyn, between the westerly of the two tracks of the defendant and the westerly or right-hand curb, a space of about 14 feet. Caton avenue runs to the westerly side of Flatbush avenue, but does not cross it. When the plaintiff approached that avenue, he was intending to go to his stable, in a lane on the easterly side of Flatbush avenue, a few feet south of Caton avenue. On the trial the plaintiff testified:

"I didn't drive on the track at all. * * * Q. Didn't you turn the horse to go across the railroad? A. I was just in the act of going to the place,—faced to turn,—when the car came behind me. I was not turned. * * * I was driving alongside of the railroad track, not in it. * * * I was getting near,—might be a little nearer to the railroad track at the time. Q. There

you turned? A. I turned. Q. When you reached Caton avenue, you turned your horse in nearer the railroad track, about to cross over? A. I didn't turn them. I didn't get quite as far. I was just in the act of getting to the place to turn. * * * I was on the tar pavement,—not in the track at all."

We assume from the testimony of the plaintiff that while he was in this position a car going south came up from behind and ran into his cab, throwing him off and doing him injury, although it is not certain that the preponderance of evidence does not show that there was no collision whatever, and that the plaintiff was injured by the running away of his horse. The plaintiff, however, recovered a verdict, and we here assume the fact of the collision. From the judgment entered on the verdict, and the order denying a new trial, the defendant appeals.

Assuming that the cab was struck by the car, it is impossible to escape the conclusion that when it was struck the cab was not proceeding in a direction parallel with the track, but diagonally thereto; for it is shown by the testimony of the plaintiff that the blow was a violent one, and was delivered on the left side of the cab, between the front and rear wheels. The plaintiff himself testified that the left-hand side of his cab was struck by the car, and he added:

"It did not strike the forward wheel or step of the coach. It struck between the two wheels on the left-hand side of my coach,—in between the two, as near as I can judge. * * *" It "ran into the left-hand side of the coach, and it threw me up in the air."

Sternberg, another witness for the plaintiff, testified that:

"It was all damaged on the side where it was hit. * * * The steps were off. It was all mashed in underneath the door,—the bottom of the door."

Shields, another witness for the plaintiff, said that the step on the left side was partly broken, and the door completely wrenched off the hinges, the running gear and the whiffletree damaged, and that the horse was skinned behind.

On this evidence, one of two things is evident: Either the plaintiff was preparing to cross the track, was approaching it in a diagonal direction, and had come so close to it that the corner of the car hit him, or he had actually turned his horse or cab onto the track. In either case, he was guilty of contributory negligence, in that he omitted to listen or look to see whether or not a car was approaching. He had no right to leave a position of safety, and assume one of danger, without taking reasonable precaution. The reason of his failure to look is not far to seek. The plaintiff's own testimony shows that he took no precautions whatever, and for the reason, as he said, that he got no signal or warning from the car, and assumed that he could go anywhere, if he had no such signal. He testified in answer to the question:

"Q. You didn't look to see whether there was any car coming or not? You didn't know anything about any car coming, did you? A. How could I? I didn't get no warning. Q. You didn't look to see whether there was any car, because there was no warning? A. It is not my place. It is their place to give me warning that it was coming behind me."

There is not the slightest evidence that the plaintiff took any precaution whatever, before approaching the track or attempting to

cross it, to ascertain the proximity of any car. Nature has provided two senses for personal protection, the use of either of which might have given the plaintiff warning of the approaching car; for it is of common knowledge that a trolley car in motion makes, by friction with the track, a noise more or less audible, and that, as the wheel of the trolley pole runs along the wire overhead, a whirring sound is caused, increasing in intensity with the speed of the car. One of the plaintiff's witnesses testified that the car was going at a high rate of speed, and, this being assumed, the whir must have been noticeable. If the plaintiff had listened, he might have heard both of these sounds. So, also, a car in motion has the electric current at work, and, after dark, the electric lamps lighted. It taxes credulity to believe that, if the plaintiff had either looked or listened, he would not have become aware of the proximity of the car. In Crabtree v. Otterson, 22 App. Div. 393, 47 N. Y. Supp. 977, we held that even a person driving upon a public highway, who desires to change the course which he is pursuing, "is bound to refrain from any maneuver calculated to embarrass an overtaking vehicle in its attempt to pass. He is bound to use reasonable precautions, such as a prudent man would use, if he desires to. turn from the track he is pursuing." While we have heretofore held that it is not, in all cases, negligence, as matter of law, for one driving in the tracks to fail to look backward to see an approaching car, we have also held that he must be on the alert to discover in some manner, and by some exercise of his senses, the approach of. a car from the rear; and for a failure to prove the exercise of such caution we have reversed judgments obtained by the plaintiffs in actions for negligence. Devine v. Railroad Co., 34 App. Div. 248, 54 N. Y. Supp. 626; Johnson v. Same, 34 App. Div. 271, 54 N. Y. Supp. 547.

For these reasons, the judgment and order must be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.