## BOSSERT v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. May 2, 1899.)

1. STREET RAILROADS—COLLISIONS WITH VEHICLES—CONTRIBUTORY NEGLIGENCE.
   It is not negligence, as matter of law, for one driving a wagon at night in the track of a surface railroad to fail to look back to see an approaching car.

2. SAME—EVIDENCE—PROVINCE OF JURY.
   In an action for injuries caused by an electric car running into a wagon at night, plaintiff, whose mental ability was somewhat impaired by the injuries, testified that he was driving in a slow walk, that when he heard the bell of the approaching car it was within 25 feet of him, and that he looked back and turned out of the track, but was struck before he cleared it. A witness testified that the bell was rung when the car was three blocks away, that plaintiff then commenced to turn out of the track, and that the car was coming at a terrible rate of speed. Plaintiff had once before turned out for an approaching car. *Held*, that the question of plaintiff's negligence was for the jury.

Appeal from trial term, Kings county.

Action by Alexander Bossert against the Nassau Electric Railroad Company. From a judgment entered on a verdict in favor of plaintiff for $5,000, and an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Stephen C. Baldwin, for appellant.
J. Stewart Ross, for respondent.

GOODRICH, P. J. The plaintiff, on an evening of January, 1898, was driving a "reach" wagon on the easterly or north-bound track of the defendant's road on Rogers avenue, in the borough of Brooklyn, when he heard the bell of a car coming up behind him and began to turn off the east track onto the west track, and while in this act the inside of the rear right-hand wheel of his wagon was struck by the car, whereby the wagon was upset and the plaintiff thrown off and injured. There was much strife at the trial as to whether the plaintiff was driving north on the north or the south bound track, and whether he turned off the south-bound track onto the north-bound track; but, as this was a disputed question, we must assume the plaintiff's contention to be true, and this, it may be said, is in accord with some of the evidence of the defendant, and is confirmed by the fact that the wagon was struck on the inside of the rear right-hand wheel. The defendant moved to dismiss the complaint on the ground that "the plaintiff has failed to establish the cause of action set forth in the complaint." This was not very definite; but, as the complaint necessarily alleged that the plaintiff was not careless or negligent, we assume that this ground was within the defendant's motion.

This court is committed to the doctrine that while it is not negligence, as matter of law, for one driving a wagon at night in the track of a surface railroad to fail to look backward to see an approaching car, yet he may not rely wholly upon the supposition that the railroad's servants will see him in time to give warning, and that he must

be on the alert to discover in some manner and by some exercise of his senses the approach of a car from the rear. Devine v. Railroad Co., 34 App. Div. 248, 54 N. Y. Supp. 626; Johnson v. Same, 34 App. Div. 271, 54 N. Y. Supp. 547; Quinn v. Same (decided at the March term of this court) 57 N. Y. Supp. 544. The plaintiff's evidence on this subject is briefly as follows: He was seated over the rear axle with a boy beside him, who was not examined as a witness, but whose absence was fully accounted for. The plaintiff said:

"I come along Rogers avenue and I heard a bell, and I looked back and I turned out of the track, and while I was turning out I got hit, and I flew off the wagon. That is all I remember. * * * At the time I was hit I had the horse over in the other track already, and the front wheels there in the other track on the left hand on which the cars go out. When I was struck the forward part of the truck—the front wheels—were on the other track—the left-hand track—with the horse. * * * When I heard the bell behind me, I was about twenty feet in front, or twenty-five feet. I didn't hear any bell till then."

He also said that his horse was going at a slow walk, and that he turned out when he heard the bell.

Bewick, one of the plaintiff's witnesses, testified that "this car was at least three blocks away from him when he commenced to ring the bell, and coming at a terrible speed, and the car was about Leffert's Place when the man commenced to turn out." Leffert's Place is three blocks distant from Malbone street,—the place of the accident. The plaintiff had turned out of the track once before for an overtaking car, thus displaying some degree of attention, and the jury might believe the testimony of Bewick that the plaintiff began to turn out of the track when the bell was rung at Leffert's Place, although the plaintiff himself testified that he did not begin to turn till he heard the bell, when the car was 20 or 25 feet away; for it is in evidence that the plaintiff's injuries have in some, though perhaps slight, degree impaired his mental ability.

Under this state of the evidence, the court properly submitted to the jury the question of the plaintiff's freedom from contributory negligence, and we may not disturb the verdict.

Judgment and order affirmed, with costs. All concur.