which attaches to the proceedings before trial. If he be now given the direction of the action he will undoubtedly be called upon to meet and pay expenses attendant upon the trial and the proceedings after judgment. Until the litigation be concluded, it cannot be ascertained with any certainty what the expenses of the litigation will be, and what proportion thereof will have been paid by the plaintiff Manning and what by the intervening plaintiff, Jones; nor can it be known how many stockholders may come in to share in the benefits of such judgment as may be recovered. The original plaintiff estimates his expenditures up to date at something in excess of $4,000, but it appears that he has not paid all of this himself, but that part of it has been paid by one of the defendants. In order that the original plaintiff may be entirely protected, the order permitting the intervening plaintiff, Jones, to take charge of the action will be conditioned upon his giving an undertaking in the penal sum of $1,500, conditioned that he will, when ordered by the court, pay to the original plaintiff, Manning, such a sum, if any, as may be found to be due to him from the intervening coplaintiff as his ratable share of the entire expense of the litigation. Upon this condition the motion will be granted, the form of the undertaking and of the order to be settled on two days' notice to the attorneys for the original plaintiff.

Ordered accordingly.

(69 App. Div. 574.)

### O'CALLAGHAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. March 14, 1902.)

1. STREET RAILROADS—CROSSING ACCIDENT—NEGLIGENCE OF DEFENDANT.

Plaintiff, before attempting to cross a double-track street railroad noticed a car approaching on the nearest or uptown track, about two blocks distant from the crossing, and a car approaching on the downtown track about one block distant, and she crossed the uptown track and stopped between the tracks to allow the car on the downtown track to pass, and the car on the uptown track, running fast, and without sounding a gong, came past, and caught and injured her between the cars. *Held*, that the circumstances were sufficient to warrant a finding of defendant's negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE—JURY QUESTION.

A person about to cross a double-track street railroad, who sees an approaching car on the nearer track about two blocks distant, and one on the further track about one block distant, is not guilty of contributory negligence, as a matter of law, in passing over the first track, and stopping between the tracks to allow the other car to pass, as she is not bound to assume that the car on the first track will traverse twice the distance, and reach the crossing before the other car has passed.

Woodward, J., dissenting.

Appeal from trial term, Kings county.

Action by Sarah O'Callaghan against the Metropolitan Street Railway Company for an injury received in attempting to cross defendant's tracks. From a judgment in favor of plaintiff, and from an order denying a new trial, the defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Henry Melville, for appellant.

George C. Lay (Thomas P. Wickes, on the brief), for respondent.

HIRSCHBERG, J.  The plaintiff was injured on the southerly crossing of Amsterdam avenue, in Manhattan, at 104th street, being caught between an uptown and a downtown car.  It was in the daytime, and she was crossing the avenue from the west.  Before attempting to cross she looked up and down the avenue.  From the south a car was coming up, and was then a little above 103d street. From the north a car was coming down, and was then at 106th street.  When she had crossed the downtown track, the uptown car was so close to her that she could not cross that track with safety, and while she stood between the tracks waiting for that car to pass the downtown car came along quite fast, and without the warning of the gong, and the injury was occasioned.  The question of the defendant's negligence was scarcely raised upon the trial.  No witnesses were examined upon the trial, and no discussion is necessary to establish the fact that a jury may find negligence from the circumstances presented by the record.  It was claimed below, however, and it is insisted upon the appeal, that the plaintiff was chargeable with contributory negligence, on the authority of Davenport v. Railroad Co., 100 N. Y. 632, 3 N. E. 305.  The cases are essentially different.  In that case the plaintiff desired to board a car on the southbound track.  He was standing on the westerly side of the tracks when he saw it coming,—the proper side from which to board it. Instead of remaining there until the car reached him, he crossed both tracks to the easterly side, signaled the car, and endeavored to board it from between the two tracks, while, as he knew, a car was approaching on the north-bound track, by which latter car he was injured.  He saw the peril before he placed himself in the way of the collision, and after he took his unnecessary position of danger he had time to have returned to the easterly side of the tracks, or even, as the court found, to have gotten upon the car in safety, had he chosen to do so.  The result was that it was impossible for the injury to have resulted without some carelessness on his part.  Whether the plaintiff was negligent in this case was a question of fact.  She was not bound to assume that it would be dangerous to attempt to cross a street with a car on the nearer track two blocks away, or that that car would come upon her without warning before another car less than half the distance from her would pass upon the farther track; and whether, under such circumstances, she failed in the exercise of ordinary care, was clearly for the jury to determine.

The judgment and order should be affirmed, with costs.  All concur, except WOODWARD, J., who dissents.