### FREEMAN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. STREET RAILROADS—INJURIES TO PEDESTRIANS—CROSSINGS—CONTRIBUTORY NEGLIGENCE.

Plaintiff saw a street car approaching him as he left the curb to cross the track two doors from the opposite corner of the street, and again near the corner as he reached the first rail of the track. He testified that he thought he could get across, as he thought the car would stop at one of the crossings to give him a chance to cross; but there was no proof that the car was bound to stop at the crossing, or that plaintiff had reasonable grounds for his belief that it would do so. *Held*, that plaintiff was guilty of contributory negligence.

Appeal from Trial Term, Kings County.

Action by Joseph Freeman, by Luke Freeman, as guardian ad litem, against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

I. R. Oeland, for appellant.
George F. Elliott (Henry Escher, Jr., on the brief), for respondent.

JENKS, J. The action is for negligence. The plaintiff, a young man of 19 years, started at 8 o'clock in the rainy evening of April 20, 1901, to cross Broadway at a point two doors distant from the corner of Ellery street. He was familiar with the neighborhood, and knew that street surface cars were running on Broadway. There was "plenty of light" at the locality. The story of the plaintiff is that, as he stopped off the curb to cross the street, he looked in both directions, and saw the car, then two doors distant from the corner of Ellery street, coming towards him. He saw the car again between

the two corners, and again near the corner as he reached the first rail. He was struck by the fender of the car. He says that this happened as he went to put his foot over the second rail. His witness Sheldon says that plaintiff was at the first rail, and his witness Lotridge says that the plaintiff was putting his foot on the first track. The plaintiff says that the car was going at ordinary speed. He could not say whether fast or slowly. Sheldon says the speed was ordinary and natural. The plaintiff admitted that he thought he could get across without being hit by the car; that he thought the car would stop "at one of them crossings, anyhow, to give me a chance"; and that he depended upon the stopping of the car, as he thought it was bound to stop, or "he would not have risked it at all." Thus the case of the plaintiff shows that at a point where the car had the paramount right of way, and when he knew of its approach and close proximity, and although he saw the attempt was perilous if the car continued on its course, he risked crossing the tracks because he thought it would stop at a crossing, as he thought it was bound to do. There is no proof that the car was bound to stop at the crossing at Ellery street, or that the plaintiff had any reasonable ground for such belief, or of any attendant circumstances to warrant such surmise. His error was not a miscalculation as to the distance he had to pass over, compared to that to be passed over by the car, but in his assumption, without reason therefor, that the car would stop before coming on. Under such circumstances, we think he did not show himself free of contributory negligence. Belton v. Baxter, 54 N. Y. 245, 13 Am. Rep. 578; Wendell v. N. Y. C. & H. R. R. Co., 91 N. Y. 420, 428; McClain v. Brooklyn City R. Co., 116 N. Y. 459, 465, 22 N. E. 1062.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.