him with certain equipments, taking a chattel mortgage for the same. Subsequently Thomas Burke moved out of the premises which he had been occupying, and the defendant took back the fixtures, and supplied some new ones, probably with an understanding that they should be subject to the same chattel mortgage. Burke was taken sick, and his wife and brother appear to have conducted the business; and just before Burke's death, and while he was too ill to act, the brother executed the note and chattel mortgage under which the defendant assumed to act. The validity of this chattel mortgage was asserted and maintained by the defendant until the evidence conclusively established the contrary, when it was admitted that the same was not made or executed by the said Thomas Burke, or by his authority. Burke died, and his widow married the plaintiff, who claims title to the property under a gift from his wife, who in turn claims under a gift from her former husband; and it is urged on appeal that there were equities which entitle the defendant to a reversal of the judgment. We think the defendant, having assumed to stand upon his rights under the so-called chattel mortgage, is not in a position to complain when it is established that the so-called mortgage is absolutely void, because not having been made or executed by the person who is purported to have made the same. The defendant did not ask for the aid of equity. He assumed to stand upon his legal rights under a fraudulent instrument, and he cannot now be heard to urge equitable considerations. The judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur; HIRSCHBERG, J., in result.

---

(83 App. Div. 189.)

REYNOLDS v. LARCHMONT HORSE RY. CO.

(Supreme Court, Appellate Division, Second Department. May 7, 1903.)

1. STREET RAILROADS—PERSON USING TRACKS—INJURY TO TEAMS—CONTRIBUTORY NEGLIGENCE.

In an action for negligent injury to property, caused by defendant's car overtaking and running into plaintiff's horse and wagon, evidence of plaintiff's servant that he was driving on defendant's track, which was straight, and afforded a clear view back of him for an eighth of a mile, and that he did not look back at all—there being no testimony that he even listened for the approach of a car, or that there was anything to prevent him from driving at the side of the road, free from the track—showed that he was guilty of contributory negligence, as a matter of law.

Goodrich, P. J., and Hooker, J., dissenting.

Appeal from Westchester County Court.

Action by James L. Reynolds against the Larchmont Horse Railway Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

J. Addison Young, for appellant.
Frederick W. Sherman, for respondent.

HIRSCHBERG, J.   The authorities are so numerous and so uniform in support of the action of the learned County Court in dismissing this complaint, that citation is needless.   The action is for injuries to property caused by defendant's alleged negligence in overtaking and running into the plaintiff's. horse and wagon while the latter were being driven upon the railroad track by the plaintiff's servant.   The driver was chargeable with contributory negligence, as matter of law, inasmuch as no evidence was given establishing the contrary.   The driver testified as follows:

"I had been driving on the tracks about a quarter of a mile. The track is pretty straight along there—the road. If you look, you cannot see the whole quarter of a mile, because it is taken up by a small rise in the ground—a hill, like. That rise in the ground was not a quarter of a mile behind me; not more than an eighth of a mile. I could see back to that hill. A young fellow was riding with me in the wagon. I do not remember that I was talking. It was a covered wagon. The back was' down and closed. I drove along then without looking back at all."

Whatever the witness may have meant by the statement that the "back" of the wagon was down and closed, the statement is clear and precise that he could see back to the hill on a straight track, but that he drove along without looking back at all, although he knew that cars were coming at regular intervals.   He does not even testify that he listened for the approach of a car, or give any evidence of conditions or surroundings which might excuse the ordinary exercise of his senses, upon the ground that an endeavor to use them would be unavailing.   There was no claim that he could not have driven at the time on the side of the road, and free from the track.   His companion does not appear to have been examined as a witness.   There was accordingly no evidence indicating the exercise of care or excusing its absence, and the dismissal was proper irrespective of the defendant's alleged negligence.   The judgment should be affirmed.

Judgment affirmed, with costs.   All concur, except GOODRICH, P. J., and HOOKER, J., who dissent.