(86 App. Div. 388.

### BELFORD v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. STREET RAILROADS—DRIVING ON TRACK—CONTRIBUTORY NEGLIGENCE.

    Though it is not negligence, as matter of law, for one driving at night on the track of a street car company to fail to look behind him to see whether a car is approaching, he must be on the alert in some manner, and by the exercise of some of his senses, as by listening, to discover if such is the case.

2. SAME—EVIDENCE—INFERENCES.

    Mere proof that the hearing of one driving on a street car track was good, and that he did not hear a car approaching from behind, does not warrant the inference that he was listening for it.

Appeal from Trial Term, Kings County.

Action by William J. Belford against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

I. R. Oeland, for appellant.

Charles F. Brandt, for respondent.

HIRSCHBERG, J. The judgment recovered by the plaintiff is for injuries to a horse, wagon, and harness belonging to him, occasioned by a rear-end collision with one of the defendant's cars in the borough of Brooklyn. The plaintiff is a contractor, and the property in question was at the time in the charge of a driver in his employ, engaged at the time in carrying mail. The driver drove upon the northbound track on Third avenue at Sixty-Fifth street, and continued driving north, or toward the city hall, until he reached a point between Sixty-Second and Sixty-First streets, when he was run into, and the damages complained of occasioned. He estimates the distance he so drove at about 850 feet. It was late at night and very dark. He neither looked back at any time before the collision, nor, so far as his evidence shows, did he listen for an approaching car. He was familiar with the locality, and knew that cars were likely to come on the track behind him, and also knew the speed at which they were customarily run. While there was sufficient evidence to sustain the conclusion that the car was run on this occasion at a high rate of speed, and under circumstances indicative of negligence, it is evident from the statement of the driver's conduct that the plaintiff has failed to prove affirmatively the freedom from contributory negligence which the law requires as a condition precedent to recovery in this class of cases.

The rule was clearly stated by Presiding Justice Goodrich in Bossert v. Nassau Electric R. Co., 40 App. Div. 144, 145, 57 N. Y. Supp. 896, as follows:

"This court is committed to the doctrine that while it is not negligence, as matter of law, for one driving a wagon at night in the track of a surface railroad to fail to look backward to see an approaching car, yet he may not rely wholly upon the supposition that the railroad's servants will see him in time to give warning, and that he must be on the alert to discover in some manner, and by some exercise of his senses, the approach of a car from the rear. Devine v. Brooklyn Heights R. Co., 34 App. Div. 248 [54 N. Y. Supp. 626]; Johnson v. Brooklyn Heights R. Co., 34 App. Div. 271 [54 N. Y. Supp. 547]; Quinn v. Brooklyn City R. Co., 40 App. Div. 608 [57 N. Y. Supp. 544]."

In Quinn v. Brooklyn City R. Co., 40 App. Div. 608, 57 N. Y. Supp. 544, the rule is repeated, with the additional statement, in reference to the necessity of exercising some of the senses, that "for a failure to prove the exercise of such caution we have reversed judgments obtained by the plaintiffs in actions for negligence." The rule has been frequently applied in this court, a recent instance being in the case of Reynolds v. Larchmont Horse Railway Company (decided May 7, 1903) 82 N. Y. Supp. 185.

The plaintiff's driver testified that his hearing was good, but that nevertheless he did not hear the car until his wagon was actually struck by it. There is no inference to be drawn from this circumstance that he was on the alert and listening for it, but, rather, in view of the well-known fact that trolley cars cannot be run at a high rate of speed in the silence of the night without making some noise, that the reason he did not hear was because he was not listening. At all events, the burden of proving affirmatively that the driver did exercise his senses rests upon the plaintiff. A total failure to make any proof whatever upon that subject is a violation of the rule referred to; and a recovery under such circumstances would be based upon the theory, unknown to our law, that one who drives upon a railroad track until negligently run into and injured may obtain damages upon the mere proof of the happening of the casualty.

The point was raised by an exception to the denial of the defendant's motion for a nonsuit, and it was also raised and emphasized by the defendant's exception to the court's refusal to charge that if the plaintiff (meaning, of course, through his driver) "drove 800 feet or more upon the track, knowing the dangers of the situation and being familiar with them, without making an effort to ascertain whether the car was approaching behind him, and that contributed to the accident, he cannot recover." This refusal was equivalent to an instruction, in effect, that the driver was under no obligation to make any effort to ascertain the approach of a car, either by looking or listening, and was error, notwithstanding the fact that the law on the subject of looking had been carefully presented to the jury in the main charge. It follows that the judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide event. All concur.