William J. Belford, Respondent, *v.* The Brooklyn Heights Railroad Company, Appellant.

*Contributory negligence — driving upon a street railway track without looking back or listening for a car approaching from the rear.*

In an action brought to recover damages for injuries done to the plaintiff's horse, wagon and harness, in consequence of one of the defendant's cars having run into the wagon from the rear while the plaintiff's servant was driving it along the defendant's street car tracks, the evidence tended to show that the accident took place late at night when it was very dark; that the plaintiff's servant had driven on the track for a distance of about 850 feet and that he did not look back, or, so far as appeared, listen for approaching cars, although he

was familiar with the locality and knew that cars were likely to approach from the rear.

*Held*, that a judgment entered upon a verdict in favor of the plaintiff should be reversed, on the ground that the plaintiff had not affirmatively proven that his servant was free from contributory negligence.

APPEAL by the defendant, The Brooklyn Heights Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 18th day of December, 1902, upon the verdict of a jury for $235, and also from an order entered in said clerk's office on the 12th day of January, 1903, denying the defendant's motion for a new trial made upon the minutes.

*I. R. Oeland* and *George D. Yeomans*, for the appellant.

*Charles F. Brandt*, for the respondent.

HIRSCHBERG, J.:

The judgment recovered by the plaintiff is for injuries to a horse, wagon and harness belonging to him, occasioned by a rear-end collision with one of the defendant's cars, in the borough of Brooklyn. The plaintiff is a contractor, and the property in question was at the time in the charge of a driver in his employ engaged at the time in carrying mail. The driver drove upon the north-bound track on Third avenue at Sixty fifth street, and continued driving north, or toward the City Hall, until he reached a point between Sixty-second and Sixty-first streets, when he was run into and the damages complained of occasioned. He estimates the distance he so drove at about 850 feet. It was late at night and very dark. He neither looked back at any time before the collision, nor, so far as his evidence shows, did he listen for an approaching car. He was familiar with the locality and knew that cars were likely to come on the track behind him, and also knew the speed at which they were customarily run. While there was sufficient evidence to sustain the conclusion that the car was run on this occasion at a high rate of speed and under circumstances indicative of negligence, it is evident from the statement of the driver's conduct that the plaintiff has failed to prove affirmatively the freedom from contributory negligence which the law requires as a condition precedent to recovery in this class of cases.

·· The rule was clearly stated by Presiding Justice GOODRICH in *Bossert* v. *Nassau Electric R. R. Co.* (40 App. Div. 144; 145) as follows : "This court is committed to the doctrine that while it is not negligence, as matter of law, for one driving a wagon at night on the track of a surface railroad *to fail to look backward* to see an approaching car, yet he may not rely wholly upon the supposition that the railroad's servants will see him in time to give warning, and that he must be *on the alert* to discover in *some manner* and by *some exercise of his senses* the approach of a car from the rear. (*Devine* v. *Brooklyn Heights R. R. Co.,* 34 App. Div. 248 ; *Johnson* v. *Brooklyn Heights R. R. Co.,* Id. 271 ; *Quinn* v. *Brooklyn City R. R. Co., post.*) "

In *Quinn* v. *Brooklyn City R. R. Co.* (40 App. Div. 608) the rule is repeated with the additional ·statement in reference to the necessity of exercising some of the senses that "for a *failure to prove* the exercise of such caution we have reversed judgments obtained by the plaintiffs in actions for negligence." The rule has been frequently applied in this court, a recent instance being in the case of *Reynolds* v. *Larchmont Horse R. Co.* (83 App. Div. 189).

The plaintiff's driver testified that his hearing was good, but that nevertheless he did not hear the car until his wagon was actually struck by it. There is no inference to be drawn from this circumstance that he was on the alert and listening for it, but rather in view of the well-known fact that trolley cars cannot be run at a high rate of speed in the silence of the night without making some noise that the reason he did not hear was because he was not listening. At all events the burden of proving affirmatively that the driver did exercise his senses rests upon the plaintiff ; a total failure to make any proof whatever upon that subject is a violation of the rule referred to, and a recovery under such circumstances would be based upon the theory unknown to our law that one who drives upon a railroad track until negligently run into and injured may obtain damages upon the mere proof of the happening of the casualty.

The point was raised by an exception to the denial of the defendant's motion for a nonsuit, and it was also raised and emphasized by the defendant's exception to the court's refusal to charge that if the plaintiff (meaning of course through his driver) "drove 800 feet or

more upon the track, knowing the dangers of the situation and being familiar with them, *without making an effort* to ascertain whether a car was approaching behind him, *and that contributed to the accident,* he cannot recover." This refusal was equivalent to an instruction in effect that the driver was under no obligation to make any effort to ascertain the approach of a car, either by looking or listening, and was error notwithstanding the fact that the law on the subject of looking had been carefully presented to the jury in the main charge.

It follows that the judgment and order should be reversed.

BARTLETT, WOODWARD, JENKS and HOOKER, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.