and satisfaction. The amendment of plaintiff's surname by one letter was properly allowed. None of defendant's exceptions presents reversible error.

The judgment and order should be affirmed, with costs. All concur.

(45 Misc. 634)

### RAY v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   December 7, 1904.)

1. CONTRIBUTORY NEGLIGENCE—INSTRUCTION.

Where the charge did not bring out the rule that contributory negligence, however slight, will defeat recovery, the reply to the requested instruction, "If the jury find that plaintiff was guilty of the least bit of negligence contributing to the accident, verdict must be for defendant," "Not the least bit of negligence.  *  *  *  If you find both plaintiff and defendant were negligent, defendant is entitled to a verdict.  On the question of degree of negligence I will let the jury say"—is error.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Oscar Ray against the Interurban Street Railway Company. From a judgment for plaintiff on a verdict, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Henry W. Goddard and William E. Weaver, for appellant.
Watts & Merrill, for respondent.

BISCHOFF, J.  The evidence of the plaintiff's exercise of care when crossing the street at the point where the accident occurred was slight, and, while the jury might have absolved him from negligence, taking the most favorable view which was possible, the case could well have been decided against him, unless a very liberal view of what constituted reasonable care was adopted. The charge of the justice did not bring out the rule that contributory negligence, however slight, would defeat the recovery, and counsel for the defendant, therefore, requested the instruction that:

"If the jury find that the plaintiff was guilty of the least bit of negligence contributing to the accident, their verdict must be for the defendant."

The justice refused so to charge, saying:

"Not the least bit of negligence. I think I have covered that in my charge. *  *  *  If you find both the plaintiff and defendant's motorman were negligent, the defendant is then entitled to your verdict. On the question of degree of negligence I will let the jury say."

This withdrew the legal proposition that any contributory negligence whatever, however slight, would preclude a recovery, assuming that the proposition was generally involved in the charge that the negligence of both parties would call for a verdict for the defendant, and the jury may well have understood that the plaintiff, although slightly negligent, could still have the verdict which they rendered.

Upon the close question presented, the submission of the case with this form of instruction was clearly prejudicial, and the exceptions

taken call for a new trial. There is no question that the defendant was entitled to an instruction such as was requested (Reynolds v. R. R. Co., 8 Misc. Rep. 313, 28 N. Y. Supp. 734), and, for the error noted, the judgment must be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.