### GREITZ v. LINCH.

(Supreme Court, Appellate Term, First Department. February 4, 1915.)

1. STREET RAILROADS (§ 118*)—ACTIONS FOR INJURIES—INSTRUCTIONS.

In an action for damages resulting from a collision with a street car, where there was evidence that plaintiff attempted to drive across the track a few feet in front of an approaching car, an instruction, if the motorman did all that a reasonably prudent motorman could do, under the circumstances, after it became apparent that plaintiff was about to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cross the track in order to stop the car, to find for defendant, was erroneously refused.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 258–269; Dec. Dig. § 118.*]

2. STREET RAILROADS (§ 99*)—LIABILITY FOR INJURIES—CONTRIBUTORY NEGLIGENCE.

It is contributory negligence, as a matter of law, to attempt to cross a street car track a short distance in front of a rapidly approaching car; and hence an instruction justified by the evidence, if a street car was moving fast, and only ten feet away when plaintiff attempted to drive across the track in front of the car, to find for the company, was erroneously refused.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 209–216; Dec. Dig. § 99.*]

Appeal from City Court of New York, Trial Term.

Action by George W. Greitz against George W. Linch, as Receiver of the Second Avenue Railroad Company. From a judgment for plaintiff for $200 and costs entered on the verdict of a jury, defendant appeals. Reversed, and new trial ordered.

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

Charles E. Chalmers, of New York City (Charles H. Tuttle and Harold R. Medina, both of New York City, of counsel), for appellant.

Israel Himelhoch, of New York City (Israel N. Thurman, Samuel Fine, and Julius L. Pinnes, all of New York City, of counsel), for respondent.

GUY, J. The action was brought to recover damages resulting to plaintiff from a collision between a wagon driven by plaintiff and a car operated by an employé of the defendant.

Plaintiff testified that on October 29, 1912, between 6:15 and 6:45 p. m., he slowly drove his wagon across defendant's car tracks at Nineteenth street and Second avenue from the westerly to the easterly side; that, when he was within a few feet of the track, he saw defendant's car about 100 to 150 feet north of Twentieth street; that he again saw the car as he was about to go upon the track, and the car at that time was just below the crossing of Twentieth street; that he heard the car rapidly approaching and endeavored to get his whip out in order to urge his horses to a faster gait, but did not have time to do so before the rear end of his wagon was struck; that his horses were at that time going at a speed of about four miles an hour. He also testified that the car did not stop at Twentieth street. Defendant produced several witnesses who testified that the car did stop at Twentieth street, and that plaintiff did not attempt to cross the track until defendant's car was only a few feet (from 6 to 45, according to the various witnesses) from the place where plaintiff endeavored to cross the track.

[1, 2] It is extremely questionable whether, on all the evidence, the verdict could be sustained; the preponderance of evidence seeming to be in favor of the defendant. It is not necessary, however,

to consider the question of the weight of evidence herein for the reason of errors in the refusal of the learned court to charge requests made by defendant's counsel. Defendant's first request was that the court charge the jury:

"That if they believe that the motorman did all that a reasonably prudent motorman could do under the circumstances, after it became apparent that the plaintiff was about to cross his track in order to stop his car, then they should find a verdict for the defendant."

This refusal to so charge was reversible error. Again, defendant's counsel asked the court to charge the jury:

"That if they find the street car was moving fast and was 10 feet away from the plaintiff when the plaintiff attempted to drive his horses across the track in front of the car, then their verdict must be for the defendant."

The refusal to so charge, as requested, was reversible error. It is well established that an attempt to cross a car track at a short distance in front of a rapidly approaching car is contributory negligence, as matter of law. See Lynch v. Third Ave. R. R. Co., 88 App. Div. 604, 85 N. Y. Supp. 180; Hamilton v. Third Ave. R. R. Co., 6 Misc. Rep. 382, 26 N. Y. Supp. 754; Freeman v. Brooklyn Hts. R. R. Co., 82 App. Div. 521, 81 N. Y. Supp. 828.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.