JOHN CLANCY, Appellant, v. THE TROY AND LANSINGBURGH
RAILROAD COMPANY, Respondent.

*Negligence — contributory negligence in crossing railroad tracks before an
approaching car.*

A truckman was driving upon a street upon which a motor car was approaching
him from behind and it became necessary for him to cross the track of another
railroad company in order to pursue his journey. When about fifteen feet
from the intersection of the tracks he saw a motor car on the latter road
approaching and at a distance from him at the time of from fifty to seventy-five
feet. He endeavored by hurrying to cross the track in front of him, but mis-
calculated the time and distance and a collision occurred.

*Held,* that the plaintiff undertook to determine at his peril whether he could cross
the track in safety;

That the risk of that determination was his own, and that he was guilty of con-
tributory negligence.

APPEAL by the plaintiff, John Clancy, from a judgment of the
Supreme Court in favor of the defendant, entered in the office of
the clerk of the county of Rensselaer on the 22d day of September,
1894, upon the dismissal of the complaint directed by the court
after a trial at the Rensselaer Circuit before the court and a jury,
and also from an order entered in said clerk's office on the 21st day
of September, 1894, denying the plaintiff's motion for a new trial
made upon the minutes.

*John T. Norton* and *James B. Egan,* for the appellant.

*Thomas S. Fagan,* for the respondent.

MAYHAM, P. J.:

This action was prosecuted by the plaintiff, appellant, against the
defendant for alleged negligence of the defendant in the manage-
ment of one of its motor cars by which it collided with the plaintiff's
wagon resulting in an injury to the wagon and to the person of the
plaintiff.

The case discloses that the plaintiff was driving a truck wagon
loaded with beer casks and drawn by a team of heavy horses, and
that in crossing the track of the defendant's railroad the motor car
on said track collided with the hind wheels of the plaintiff's wagon,

breaking the axle of the same, by reason of which the plaintiff was precipitated upon the pavement, and the wheel of his wagon passed over his foot, inflicting injury upon the plaintiff's person.

On the trial it appeared that the injury occurred at the intersection of River and Congress streets in the city of Troy. The plaintiff was driving his wagon along Congress street, on which there are two tracks of the electric railroad, which cross the tracks of the defendant's railroad at the intersection of Congress and River streets. At about five-thirty o'clock on January 27, 1892, as plaintiff was driving from Congress street bridge going east, which the evidence shows was a down grade, when within about fifteen feet of the River street crossing he discovered one of defendant's motor cars approaching such crossing at a distance of from fifty to seventy-five feet from the same.

The case discloses by the plaintiff's testimony that he was driving on the Congress street track, and that a motor was approaching in the rear. Instead of turning from such track he endeavored to avoid collision with the Congress street car by hurrying his team across the defendant's track, hoping to do so in time to avoid a collision with the defendant's motor car. In this he miscalculated, and the car collided with the wagon as above stated.

It appears from the evidence that the plaintiff made no effort to stop his team and wagon before reaching the defendant's track, nor is there any evidence that the conductor of defendant's motor car made any effort to stop it before the collision.

Upon these facts, about which there seems to be no conflict, the defendant, at the conclusion of the plaintiff's testimony, moved for a nonsuit on the ground that the evidence did not disclose or tend to prove that the plaintiff was free from contributory negligence. This motion was granted by the trial judge, to which the plaintiff duly excepted. The plaintiff asked the trial judge to submit as a question of fact to the jury the question whether or not the plaintiff was guilty of contributory negligence. The judge refused to submit that question, to which plaintiff also excepted.

It is not easy to fix the exact boundary between the question of contributory negligence as a question of law and that of contributory negligence as a question of fact, so as to determine whether or not it is the duty of the trial judge to submit it to the jury.

But it seems quite clear in this case that the plaintiff by his own act contributed to the injury of which he complains, and that he undertook to determine at his own peril whether or not he could cross defendant's track in safety, and that the risk of that determination was his own, for which the defendant cannot be held responsible. The law is well settled that where the defendant is negligent, if the plaintiff, by his own negligent act, contributed to the injury of which he complains, he cannot have recourse for damages for that injury to the defendant.

I am, therefore, of opinion that the nonsuit was right, and the judgment should be affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.