Henry A. Robinson, for appellant.
Joseph J. Green, for respondents.

MacLEAN, J.  The appeals should be dismissed upon the authority of Beebe v. Show-Case Co., 41 App. Div. 456, 58 N. Y. Supp. 769; Schwartz v. Schendel, 23 Misc. Rep. 476, 51 N. Y. Supp. 415.
Appeals dismissed, with $10 costs in each case.

FREEDMAN, P. J., concurs.  LEVENTRITT, J., takes no part.

(29 Misc. Rep. 324.)

### WILLIAMSON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.   October 25, 1899.)

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
    In an action for negligence, it is error to refuse an instruction that, if both the plaintiff and defendant were negligent, the plaintiff cannot recover.
2. STREET RAILROADS—CONTRIBUTORY NEGLIGENCE.
    One is guilty of contributory negligence who crosses a street-railroad track when it is evident to him that he cannot pass in safety unless the motorman stops or slackens the speed of an approaching car.
3. SAME—COLLISION.
    Where plaintiff's driver sees the approach of a street car, actionable negligence of the railway in a collision between the vehicle and the car cannot be established by proof that the motorman did not ring the gong.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Alfred Williamson, doing business under the style of S. H. Williamson's Son, against the Metropolitan Street-Railway Company.  There was judgment for plaintiff, and defendant appeals.  Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.
Robert Gibson, Jr., for respondent.

FREEDMAN, P. J.  This action was brought to recover damages for injuries to property sustained by the plaintiff in a collision with one of the defendant's cars at or near Sixth avenue and Forty-First street, in this city, the accident having been occasioned by the alleged negligence of the defendant's servants or employés.  The case was tried before a jury, and a verdict rendered by them for the amount of the plaintiff's claim.  The attention of this court has been especially called to the several requests to charge the jury made by the defendant herein upon the trial, the refusal of which by the trial judge it is claimed constitutes reversible error.  It appears by the record that after the court had charged the jury the following requests were made by the defendant, which were denied by the court:  The defendant's counsel asks the court to charge the jury "that, if the jury find that both the plaintiff and the defend-

ant were negligent, their verdict must be for the defendant." The court said: "That is for the jury to decide." The defendant excepted thereto. Defendant's counsel asks the court to charge the jury "that if the jury believe that, at the time when the plaintiff started to cross in front of the defendant's car, it was evident to him that he could not pass in safety unless the motorman stopped or slackened the speed of the car, he is guilty of contributory negligence, and their verdict must be for the defendant." By the Court: "The jury has been charged as to negligence as to that point, and as to the power to stop the car." Defendant excepted. Defendant's counsel asks the court to charge the jury "that, if the plaintiff saw the car, the negligence of the defendant cannot be predicated on an alleged failure to ring the gong." By the Court: "That is for the jury to decide." Defendant excepted.

As the testimony in this case was undisputed that the plaintiff's driver saw the approach of the car, actionable negligence could not be established by proof of the fact that the motorman did not ring the gong, and the refusal to so charge was error. This case was sharply contested, and the legal propositions contained in the foregoing requests were applicable to the facts and circumstances disclosed by the testimony, and they were not covered by the charge as given by the court, and the right to have them laid before the jury is so well settled as to need no citation of authority to support them. I have given this case, and that of McGrady v. This Defendant, 60 N. Y. Supp. 1142, tried before the same jury and at the same time, careful examination, and am satisfied that justice will be best promoted by ordering a new trial in each case.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

MacLEAN, J., concurs. LEVENTRITT, J., takes no part.