### MANHATTAN PIE BAKING CO. v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. December, 1901.)

STREET RAILWAYS—COLLISION—CONTRIBUTORY NEGLIGENCE—DISMISSAL.

In an action against a street railway company for damages caused by collision between plaintiff's wagon and a car, it appeared that plaintiff's driver saw the car approaching very fast on the further of the double tracks, and about 20 feet away, as his horse reached the outside rail of the nearer track, when, in attempting to pass in front of such car, it struck the rear wheel of the wagon. *Held* error to refuse defendant's motion to dismiss the complaint.

Appeal from trial term.

Action by the Manhattan Pie Baking Company against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before DELEHANTY, HASCALL, and McCARTHY, JJ.

Henry A. Robinson (John T. Little and Henry Melville, of counsel), for appellant.

Rabe & Keller, for respondent.

DELEHANTY, J. One cannot read the record herein without being forced to the conclusion that the accident, to recover damages for which this action is brought, was occasioned, at least in part, by the negligence of the plaintiff's driver. He testified that upon the occasion in question he was driving east through Ninth street, intending to go up Fourth avenue on the easterly side thereof; that as he approached the avenue he saw two cars thereon, coming toward Ninth street from opposite directions; that he did not wait for the south-bound car to pass by, but cut across ahead of it, and that while passing over the north-bound or easterly track of the avenue the rear left wheel of his wagon was struck by the north-bound car, causing the injuries in question; and, further, that when his horse's head reached the westernmost rail of the south-bound track he saw the north-bound car about at the southeast corner of Ninth street, coming along very fast, and about 20 feet away from him; that the length of his horse and wagon was about the same number of feet. With this situation confronting him, he said he thought he could cross ahead of the north-bound car without getting hit, and made the attempt, but unsuccessfully. It is also in evidence that when the driver crossed the south-bound track the car thereon was only eight feet away, and, instead of waiting for it to pass by before crossing, he squarely drove over the track and in front of it and on to the north-bound track, knowing all the time that the north-bound car was then at the south corner, coming along very fast. It seems clear to us from this testimony that the witness undertook to determine, at his own peril, whether or not he could cross in safety the track in question, and that the risk of that determination was his own, for which the defendant is not liable. See Williamson v. Railway Co., 29 Misc. Rep. 324, 60 N. Y. Supp. 477; Clancy v. Railroad Co., 88 Hun, 496, 34 N. Y. Supp. 877; Hamilton v. Railroad Co., 6 Misc. Rep. 382, 26 N. Y. Supp. 754. Under the circumstances, the defendant's motion to dismiss the complaint should have been granted, and its refusal constitutes error, which calls for a reversal of the judgment and order appealed from. Judgment and order appealed from is therefore reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur.