Several cases are cited to sustain the order appealed from, but I do not think they apply. In Heffern v. Hunt, 8 App. Div. 585, 40 N. Y. Supp. 914, one of the original defendants objected to the proposed amendment, and it was there held that an original party defendant had a right to appeal from such an order, and that upon his objection it should not have been granted. In Goldstein v. Shapiro, 85 App. Div. 83, 82 N. Y. Supp. 1038, the action was in replevin, and the motion to bring in the third party was made on motion to him, and upon an appeal from the granting the motion by the third party it was held that in such an action, if made a party to that action, he was deprived of the benefit of section 1709 of the Code of Civil Procedure; and attention was there called to the case of Schun v. Brooklyn Heights R. R. Co., 82 App. Div. 560, 81 N. Y. Supp. 859, which authorized the court to make a third party a defendant in an action to recover for negligence, but it was held that that case did not apply because of the peculiar character of the action of replevin. The point does not seem to have been raised in that action as to the right of a third party to raise the question, and that point was not considered; the decision being based entirely upon the nature of the action. In Ten Eyck v. Keller, 99 App. Div. 106, 91 N. Y. Supp. 169, the original defendant objected to the order, and he appealed. On the other hand, such an order is expressly approved by this court in the Second Department in Schun v. Brooklyn Heights R. R. Co., 82 App. Div. 560, 81 N. Y. Supp. 859; and I think it fully justified by the Code and practice. The action was commenced as against the added defendant when the amended or supplemental complaint was served upon him. Any defense, including the statute of limitations, would be as available to him as if the action had been commenced when the amended or supplemental summons and complaint was served. It is the policy of the law that a litigation of this kind should be settled in one action, and I can see no reason why the plaintiff should not have the right to bring the action against such defendants as he may select, so long as the parties to the action, as originally commenced, have no objection.

For this reason I think the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

McLAUGHLIN, J., concurs.

---

### LITZOUR v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department. December 28, 1906.)

STREET RAILROADS—INJURIES TO TRAVELERS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

Plaintiff, a driver of a beer truck, as he was about to cross defendant's street car track, observed a car approaching about 80 feet away. The car was not going fast, and plaintiff continued to proceed slowly, and looked a second time just before his horses stepped on the track, when the car was not more than 20 feet away. The motorman put on his brake, reversed the power, rang the gong, and cried out to plaintiff, but

was unable to avert the collision, in which plaintiff was injured. *Held*, that the motorman was not guilty of negligence, but that plaintiff was guilty of contributory negligence as matter of law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 210–214.]

Appeal from Trial Term, New York County.

Action by William Litzour against the New York City Railway Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Edward D. O'Brien, for appellant.

Arthur Ofner, for respondent.

PATTERSON, P. J. This judgment must be reversed, as the verdict in favor of the plaintiff was not justified by the evidence. It appeared that the plaintiff was driving a wagon or truck on the westerly side of Park avenue, above Fifty-Ninth street, in the city of New York, and came into collision with a car of the defendant on the northerly side of its track on Fifty-Ninth street at the intersection of Park avenue. He was thrown from his seat and sustained some injuries. He was the only witness called on his own behalf testifying to the occurrence. He swore that the car struck the left-hand rear wheel of his wagon and caused him to fall; that the wagon weighed about 3,800 pounds and was loaded with 42 half barrels of beer, weighing 200 pounds each; that when he was approaching Park avenue, going slowly, he looked toward the east and observed the car, which was lighted and not going fast, about 80 feet away. The accident occurred on December 19, 1903, before dawn. When the plaintiff observed the car, he continued to proceed slowly, and he looked a second time, just before his horses stepped on the track. Then the car was, at the utmost, 20 feet distant from him. The motorman was crying out, the gong was being rung, and the motorman put on his brake and reversed the power.

It is apparent from the evidence that the plaintiff did nothing to avoid the accident, until his wagon was struck. There is nothing to indicate that the motorman of the car could have done anything else than what he did to prevent the collision, nor does it appear that he had reason to anticipate that the plaintiff would attempt to cross in front of the car. The plaintiff made no effort to stop. According to his own testimony, he was aware that the car was coming, notwithstanding which he drove on slowly in front of it, evidently in the belief that he would get over the track before the car would reach him. We are unable to find in this record sufficient evidence to charge the motorman with negligence; and it is equally clear that the plaintiff's own imprudence in continuing to drive slowly on the track, after he became aware that the car was approaching, constituted negligence on his part.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.