## NETTERFIELD v. NEW YORK CITY R. CO.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

1. STREET RAILROADS (§ 99*)—INJURIES TO TRAVELERS—SPEED OF CAR—PRE-
SUMPTION.

A person seeing a street car approaching had no right to presume any-
thing as to the car's speed, and it was therefore error to charge that, if
plaintiff looked and saw a car 175 or 200 feet north of him when he at-
tempted to cross the track ahead of it, he was entitled to presume that
the car was going at a lawful rate of speed, etc.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 210–216;
Dec. Dig. § 99.*]

2. STREET RAILROADS (§ 98*)—INJURIES TO TRAVELERS—CONTRIBUTORY NEGLI-
GENCE.

A traveler about to cross a street car track in front of an approaching
car is bound to look, and, if the car is in sight, to determine whether or
not he has, in the exercise of care, reasonable opportunity to cross in
safety.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 208; Dec.
Dig. § 98.*]

3. STREET RAILROADS (§ 117*)—INJURIES TO TRAVELERS—CROSSING TRACK—
CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Where plaintiff, when he attempted to drive across a street car track,
saw the car by which he was struck 175 to 200 feet north of him, wheth-
er he was negligent in attempting to cross was for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 257; Dec.
Dig. § 117.*]

4. STREET RAILROADS (§ 118*)—INJURIES TO TRAVELERS—INSTRUCTIONS.

Where the court had charged that plaintiff was entitled to presume that
the car by which he was struck, while crossing the track, was coming at
a lawful rate of speed, it was error to modify a requested charge that, if
it was apparent to a person exercising ordinary care that the car would
inevitably overtake him unless the speed was slackened, it was imprudent
for plaintiff to assert his right to proceed, "though it was the motorman's
duty to slow down and stop to enable him to cross," by omitting the quot-
ed words.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 268; Dec.
Dig. § 118.*]

5. STREET RAILROADS (§ 118*)—INJURIES TO TRAVELERS—CARE REQUIRED.

An instruction that a street car was required to do all that it could to
avoid collision with a person crossing the track was erroneous, as imply-
ing that defendant would be excused only in case the accident was una-
voidable.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 260; Dec.
Dig. § 118.*]

6. STREET RAILROADS (§ 118*)—INJURIES TO TRAVELERS—INSTRUCTIONS.

Where the jury before returning a verdict for plaintiff were required
to determine whether defendant was negligent and plaintiff was free from
contributory negligence, and the court charged that, if the accident hap-
pened in the manner testified by defendant's witnesses, the verdict must
be for defendant, it was error to refuse to charge that, if the accident
happened as claimed by plaintiff and his witnesses, the verdict might be
for defendant.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 258; Dec.
Dig. § 118.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

7. STREET RAILROADS (§ 113*)—INJURIES TO TRAVELERS—ACTIONS—EVIDENCE.
    In an action for injuries in a street car collision, evidence that, after the accident, the motorman would not stop the car, but wanted to get away and desired to beat those who were endeavoring to rescue plaintiff or detain the motorman, was irrelevant.

    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 233; Dec. Dig. § 113.*]

Appeal from Trial Term, New York County.

Action by John Netterfield against the New York City Railroad Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Bayard H. Ames, for appellant.
Alfred H. Holbrook, for respondent.

INGRAHAM, J. The plaintiff, who was a coachman, driving a brougham belonging to his employer, started from the stable where his employer's horses were kept, which was on the west side of Seventh avenue between Fifty-Fourth and Fifty-Fifth streets. He drove out into the avenue upon the defendant's railroad tracks, where the brougham was struck by one of the defendant's cars, and for the injuries thus sustained he has recovered judgment against the defendant. I think there was a question for the jury as to the defendant's negligence and the plaintiff's contributory negligence, but the judgment must be reversed because of errors in the charge and in the court's refusing to charge certain requests made by the defendant.

The learned trial judge instructed the jury that "the city ordinances were proved to show that the legal rate was eight miles an hour." The charge was not excepted to. During the examination of one of the plaintiff's witnesses, plaintiff's counsel asked the defendant's counsel: "Will you concede for the purpose of the record the legal rate of speed for a car?" To which defendant's counsel replied: "I don't know what it is. You better prove it." A clerk in the city clerk's office was then called as a witness, who produced the city ordinances, and testified that the city ordinance provides eight miles an hour for the legal rate of speed for a street car. This evidence was accepted without objection by the defendant. The court then instructed the jury:

"If this plaintiff looked around as he came out of that stable door and saw this car 175 to 200 feet to the north of him, why, he had a right to presume that the car was going at a lawful rate of speed; but, if he could see that it was going at an unlawful or unusual rate of speed, then he ran the risk of its overtaking him if he attempted to cross the track."

And to this instruction the defendant excepted. I know of no rule by which as matter of law a person seeing a car approaching has a right to presume anything as to the rate of speed of the car. The court was considering the question as to the plaintiff's contributory

negligence, and it was for the jury to say, considering the situation as it then appeared to him, whether the plaintiff was negligent in driving in front of the approaching car. I think it was quite confusing to say that as a matter of law a person approaching a railroad track and attempting to cross in front of an approaching car had a right to presume as to the speed at which the car was approaching. He was bound to look, and, if the car was in sight, to determine whether or not he had in the exercise of ordinary care reasonable opportunity to safely cross the tracks, and it was a question for the jury, considering all the circumstances that existed at the time that the attempt to cross the track was made, to say whether he was negligent.

In connection with this instruction, the defendant's counsel asked the court to charge the jury that:

"If it was apparent to the driver, or if it would have been apparent to a man of ordinary prudence exercising ordinary care, that the car would inevitably overtake him unless the speed of the car was slackened, then it was not a prudent act for him to assert his right and proceed, even though it was the duty of the motorman to slow down and stop to enable him to cross."

To that request the court said: "I will charge that to the point of saying that it was not a prudent act." In view of this instruction in the main charge, I think the defendant was entitled to have this request charged in its entirety. The court had instructed the jury that the plaintiff had a right to presume that the car was coming at a lawful rate of speed. Counsel then asked the court to charge that if it was apparent to the driver, or if it would have been apparent to a person of ordinary prudence exercising ordinary care, that the car would inevitably overtake him unless the speed of the car was slackened, then it was not a prudent act for him to assert his right and proceed, even though it was the duty of the motorman to slow down and stop to enable him to cross. This we think was the correct rule; for, if a person sees a car approaching at such a speed that the car would inevitably overtake him if he attempt to cross, it is not as a matter of law a prudent act to cross in front of the car, notwithstanding the fact that it would have been negligent for the motorman not to have stopped the car to avoid the accident. The vice in this charge, considered in connection with the refusal of the request to charge, is that the jury were instructed as a matter of law that a person starting to cross a track in front of an approaching car is entitled to assume anything in relation to the approach of the car which will affect the question as to whether or not it was negligence to attempt to cross at the time and under the circumstances as existed at the time the crossing was attempted. The question for the jury was whether the act was a negligent one. If a car is approaching at such a speed that the probability of a collision is apparent to a person about to cross the track, or would be apparent to a person exercising ordinary care and attention, then it is negligent to attempt to cross; and that question must be determined, not upon any presumption as to the legal rate of speed, but as to the conditions that existed when the attempt was made. The court should have clearly explained to the jury that they were to determine whether at the time the plain-

tiff started to cross the track he was exercising the care of a prudent person in making the attempt, rather than waiting until the approaching car had passed. The negligence of the plaintiff did not at all depend upon the obligation of the defendant to exercise care and prudence in the operation of its cars so as to avoid injuring those in the street.

I think the court was also in error as to the duty of the railroad upon the question of defendant's negligence. Upon that subject the court charged the jury:

"The duty of the railroad here is to do all that it can to avoid an accident. If this accident was unavoidable, according to their witnesses' stories, then the defendant is not liable."

And to this charge the defendant excepted. The effect of this instruction was to excuse the defendant only in case the accident was unavoidable, and that, as I understand it, is not the law. The accident happened in the middle of the block. The obligation of the defendant was to use reasonable care in the operation of its cars so as to avoid injuring persons using the streets. What was reasonable care, considering the particular circumstances existing at the time plaintiff attempted to cross the track, was for the jury. It was quite improper for the court to say that the defendant was bound to do all that it could to avoid the accident. Even in the case of a common carrier in relation to its passengers, in which the obligation to exercise the greatest care exists, the obligation is not to do all that can be done, but only to exercise the greatest care to safely carry those who trust themselves to the carrier for that purpose. I can find no instruction to the jury under which they would be justified in finding for the defendant unless they should find that the injury was the result of an unavoidable accident; and yet this clearly imposed upon the defendant a burden much in excess of that imposed upon it by law.

There is also another exception that I think is fatal. At the request of the defendant, the court charged the jury that, if the accident happened in the manner testified to by the witnesses called by the defendant, then their verdict must be for the defendant. Defendant's counsel then asked the court to charge that, if the accident happened in the manner testified to by the plaintiff and his witnesses, then their verdict may be for the defendant. That the court declined to charge, and the defendant excepted. I think they were entitled to this instruction. Even assuming that the plaintiff's testimony was true, the jury, before they could find for the plaintiff, had to determine whether or not the defendant was guilty of negligence and the plaintiff free from contributory negligence. The plaintiff was not entitled to an instruction that, even if his account of the occurrence was true, he was entitled to a verdict, but the question was still for the jury, assuming that the plaintiff's account of the circumstances was correct, whether there was negligence on the part of the defendant and an absence of contributory negligence on the part of the plaintiff. And thus, although the jury believed the plaintiff's witnesses, considering the character of the accident and the circumstances surrounding it, they were still at liberty to find that the defendant was not guilty of negligence, or that the plaintiff was guilty of contributory negligence.

There was also an exception to a ruling upon evidence which was well taken. A witness who was called by the plaintiff and who was a fellow employé testified that after the accident he helped the plaintiff to a drug store, and saw the motorman immediately after the accident. He was then asked: "What did you see the motorman do immediately after the accident?" This was objected to, the objecttion overruled, and the defendant excepted. · The witness then answered: "He would not stop the car. He wanted to get away to the stable. He jumped off when we got in front of the car and catched our hands on the track and stopped him. He got down and wanted to beat us." Whereupon the defendant's counsel again objected to this as incompetent, irrelevant, and improper and moved to strike out the answer, which motion was denied, and the defendant excepted. This testimony was clearly incompetent and tended to affect the jury to the prejudice of the defendant. The desire of the motorman to beat those who were endeavoring to rescue the plaintiff or to detain the motorman after the accident had no relation to the question of fact to be presented to the jury. What the motorman did after the accident was entirely incompetent and the objection to the question should have been sustained; but the character of the testimony was disclosed by the answer to the question, and it was then entirely improper to allow the jury to consider the subsequent acts of the motorman in determining the questions of fact submitted to them.

There are other rulings upon the trial which are claimed to be erroneous, but, as for the reasons before stated the judgment must be reversed, it is not necessary to consider them.

The judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

PATTERSON, P. J., and CLARKE and HOUGHTON, JJ., concur.

McLAUGHLIN, J. (concurring). I concur in the opinion of Mr. Justice INGRAHAM, except in so far as he holds that there was a question for the jury as to plaintiff's contributory negligence. Upon that subject I think the evidence is insufficient to sustain a finding that he was free from negligence. When the plaintiff first drove out of the stable (which was located between Fifty-Fourth and Fifty-Fifth streets), he saw the car, which subsequently collided with the carriage, · approaching at or near Fifty-Fifth street. He then endeavored to drive across the tracks ahead of the car, without noticing where it was. According to his own testimony, he did not again look until he was on the track, and then he said the car "was right on top of me." It is quite evident that, had he looked to see where the car was before he went upon the track, the accident would have been avoided. That a collision would occur was apparent to the persons who witnessed the accident, called by plaintiff as witnesses, the moment the carriage was driven out of the stable. At that time, and when plaintiff was at least 25 feet from the track, one of his witnesses testified that he shouted to the motorman to stop the car, and the collision occurred "about two seconds afterwards." The plaintiff had no more right to assume that

the motorman would stop the car than the motorman had the right to assume that the plaintiff would avoid crossing in front of the car. The evidence which establishes the negligence of one likewise establishes the negligence of the other. Taking the whole testimony together, it clearly shows that, had the plaintiff exercised the care which the law required of him, he would not have been injured. Baxter v. Auburn & Syracuse El. R. R. Co., 190 N. Y. 439, 83 N. E. 469; Litzour v. N. Y. C. Ry. Co., 116 App. Div. 477, 101 N. Y. Supp. 990; Tully v. N. Y. C. Ry. Co., 127 App. Div. 688, 111 N. Y. Supp. 919; Goldkranz v. Metropolitan St. Ry. Co., 89 App. Div. 590, 85 N. Y. Supp. 667.

What Mr. Justice INGRAHAM said in the opinion delivered by him in the case last cited is as applicable to this case as it was to that. He said:

"We think there was no evidence to justify a finding that the plaintiff was free from contributory negligence. He drove down the street at a fast rate in front of the approaching car. He saw the car coming, and made no effort to stop or avoid the car. He says he thought he could get over in time, but in this he was mistaken; and it was this mistake that caused the accident."

For these reasons, in addition to those stated by Mr. Justice INGRAHAM, I agree with him the judgment should be reversed and a new trial ordered, with costs to appellant to abide event.