## ACAMPORA v. WHITRIDGE.

(Supreme Court, Appellate Term. February, 1911.)

1. STREET RAILROADS (§ 114*)—ACCIDENT TO DRIVERS OF VEHICLE—EVIDENCE.

   In an action against a street car company, where plaintiff, driving a heavily loaded truck, was struck by a car, a verdict for the plaintiff *held* against the weight of the evidence.

   [Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 114.*]

2. STREET RAILROADS (§ 99*)—COLLISION WITH VEHICLE—EVIDENCE.

   Where plaintiff saw a car approaching, and turned his heavily loaded truck in front of the car, hoping to be able to cross before the car struck him, he took the risk voluntarily, and was guilty of contributory negligence.

   [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 209–216; Dec. Dig. § 99.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by John Acampora against Frederick W. Whitridge, as receiver of the Third Avenue Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

James L. Quackenbush (Frederic Forsythe, of counsel), for appellant.

Philip C. Samuels, for respondent.

PER CURIAM. The plaintiff contends that he was driving his wagon north on St. Nicholas avenue, following a large truck likewise north-bound on the north-bound track, and that at 164th street he turned west to cross the south-bound track and proceed along 164th street to his destination on Broadway; that as he was turning upon the south-bound track defendant's south-bound car was at 165th street, a full block away; that he raised his hand in signal to the motorman when the car was about 25 feet away, but nevertheless the car proceeded rapidly forward, and the collision occurred.

In this story he is partially corroborated by a witness, who claims to have been standing on the corner of 164th street and St. Nicholas avenue and to have seen the collision. This witness testified that he said nothing to plaintiff about the accident till he met him 15 days thereafter by chance with a friend on Amsterdam avenue; that he was then talking to a man, and "the man I spoke to" told plaintiff the witness knew about the accident and gave plaintiff the witness' address. He did not know this man's name. The plaintiff's only other witness was one Avitable, who was riding in the plaintiff's wagon at the time. He testified that he was seated in the middle of the wagon, facing east, and that he saw the car first when plaintiff turned west upon the south-bound track; that the car was then 50 or 60 feet away, but the car hit the wagon right away, before he could jump out of the wagon, though he "went to jump."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Against this evidence the defendant presented the testimony of the motorman, whose story was that the plaintiff turned upon the track in front of his car from behind the truck, when the car was only 20 feet from him; that he applied the reverse brake and the air brake, and did his utmost to avoid the collision, but could not stop his car before it hit the wagon. This story is substantially corroborated by the evidence of five disinterested witnesses, four of whom were on the car. All these witnesses agree as to the suddenness of the collision, the short distance between the wagon and the car when the plaintiff attempted to cross the track, and the efforts put forth by the motorman to stop the car. All the witnesses for both parties agree that the front part of the wagon was struck. Certainly both the probabilities and the preponderance of evidence are in defendant's favor.

We think, therefore, that the verdict is clearly against the weight of evidence. The plaintiff saw the car approaching, and turned his heavily loaded truck from a position of safety into one of danger in front of the car, hoping to be able to cross before the car struck him. He therefore took the risk voluntarily, and placed himself needlessly in a position of danger. Hamilton v. Third Ave. R. Co., 6 Misc. Rep. 382, 26 N. Y. Supp. 754; Rohe v. Third Ave. R. Co., 10 Misc. Rep. 740, 31 N. Y. Supp. 797; Clancy v. Troy & Lans. R. R. Co., 88 Hun, 496, 34 N. Y. Supp. 877.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.