### GULLERY v. MacGUIRE.

(Supreme Court, Appellate Term.   January 9, 1912.)

1. MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—INJURIES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Whether, in an action for injuries received from being struck by an automobile, plaintiff exercised due care in leaving a place of safety and crossing a street, without regard to the approaching machine, was a question for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—INJURIES—ACTION—INSTRUCTIONS.

Where, in an action for personal injuries from being struck by an automobile, the jury was entitled to determine from plaintiff's evidence whether he was in the exercise of due care for his own safety, and the evidence of defendant tended to negative his own negligence and to establish contributory negligence, a requested instruction that, even if the accident happened in the manner testified to by plaintiff and his witnesses, the verdict might be for defendant, was improperly refused.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by John Gullery against Constantine J. MacGuire. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

---

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

James, Schell & Elkus (Edgar J. Treacy, of counsel), for appellant.

Harry M. Steinhardt, for respondent.

LEHMAN, J. The plaintiff was run down by the defendant's automobile. He has recovered judgment for the injuries thereby sustained.

[1] He testified that, before starting to cross the street, he saw the defendant's automobile approaching rapidly. The automobile was then about 200 feet away according to the plaintiff, but apparently somewhat closer according to other testimony produced by him. If the defendant had rested at the close of the plaintiff's case, the trial justice could not have directed a verdict for the plaintiff; for it is a question of fact for the jury whether or not, under the circumstances, the plaintiff showed reasonable care in leaving a place of safety and proceeding across the street without regard to the approaching automobile.

[2] The defendant did, however, introduce other evidence, which, if true, negatived both his own negligence and the absence of contributory negligence of the plaintiff. The issues to be considered by the jury were not only those raised by the conflict of testimony, but, even if they believed the plaintiff, they were still bound to consider whether under the circumstances he acted as a reasonably prudent man. In a similar case (Netterfield v. N. Y. City Ry. Co., 129 App. Div. 56, 113 N. Y. Supp. 434) it was held that it was fatal error for the trial justice to refuse to charge that, even if the accident happened in the manner testified to by the plaintiff and his witnesses, the verdict may be for the defendant. In the case under consideration. the trial justice refused the same request, and his error, in my opinion, requires that the judgment be reversed.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.