ANTONIO LOPES, Appellant, v. GEORGE W. LINCH, as Receiver of the SECOND AVENUE RAILROAD COMPANY, Respondent.

Negligence — railroads — collision between trolley car and wagon in which plaintiff was riding — erroneous reversal of judgment for plaintiff — when contributory negligence of plaintiff question of fact for jury, not one of law for the court.

Plaintiff brings this action for injuries sustained from being thrown from a wagon with which a trolley car of the defendant collided. At the time of the accident plaintiff was riding in a loaded covered wagon drawn by one horse, which was driven by his father. The evidence offered by plaintiff tended to show that when they started to cross the tracks of defendant on Thirty-sixth street plaintiff looked out of the wagon and saw a car approaching about a block away. When the wagon was upon the track he looked again and the car was about one hundred and twenty-five feet distant. He told the driver to go faster, which he attempted to do. Plaintiff looked a third time, when the horse and the front of the wagon were across the track, but before the wagon was clear of the track the car collided with it and plaintiff was thrown to the ground. The Appellate Division reversed the finding of the jury that plaintiff was free from contributory negligence, reversed the judgment for plaintiff, entered upon the verdict, and dismissed the complaint. *Held*, error; that plaintiff cannot be held chargeable with contributory negligence as matter of law for attempting to cross the tracks, under the circumstances disclosed, by reason of a failure to halt or change his course. The reasonableness of care exercised by him was one of fact, for determination by a jury.

*Lopes* v. *Linch*, 168 App. Div. 41, reversed.

(Submitted December 7, 1916; decided January 23, 1917.)

APPEAL from a judgment, entered June 17, 1915, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Moses Feltenstein* and *Gustave A. Teitelbaum* for appellant. The evidence adduced upon the trial supports the plaintiff's cause of action. (*Lawson* v. *Metropolitan St. Ry. Co.*, 40 App. Div. 307; 166 N. Y. 589; *Schoner* v. *Metropolitan St. Ry. Co.*, 72 App. Div. 23; *Sophian* v. *Metropolitan St. Ry. Co.*, 38 Misc. Rep. 787.) The question of the plaintiff's contributory negligence was one solely for the jury. (*Mullen* v. *Schenectady Ry. Co.*, 214 N. Y. 30; *Blate* v. *T. A. R. R. Co.*, 44 App. Div. 163; *Piercey* v. *Met. St. Ry. Co.*, 32 Misc. Rep. 612; *Brandt* v. *N. Y. Ry. Co.*, 85 Misc. Rep. 40; 147 App. Div. 17; *Cloovan* v. *Bklyn. Hghts. R. R. Co.*, 87 Misc. Rep. 177; *Tait* v. *Buffalo Ry. Co.*, 55 App. Div. 507; *Mitchell* v. *T. A. Ry. Co.*, 62 App. Div. 371; *Hernandez* v. *Met. St. Ry. Co.*, 74 N. Y. Supp. 898; *Smith* v. *Metro. St. Ry. Co.*, 66 App. Div. 600; *Bruss* v. *Met. St. Ry. Co.*, 66 App. Div. 554; *Lane* v. *Bklyn. Hghts. R. R. Co.*, 85 App. Div. 85; *Polaneci* v. *Int. R. T. Co.*, 90 N. Y. Supp. 341; *Harlan* v. *Jolins*, 77 Misc. Rep. 184; *Graetz* v. *Nassau El. R. R. Co.*, 154 App. Div. 247.)

*Charles H. Tuttle, Harold R. Medina* and *Charles E. Chalmers* for respondent. The Appellate Division rightly held that, on his own story of the accident, the plaintiff was personally guilty of contributory negligence as a matter of law. (*Weiss* v. *Met. St. Ry. Co.*, 165 N. Y. 665; 33 App. Div. 221; *Baxter* v. *A. & S. El. R. Co.*, 190 N. Y. 439; *Francher* v. *F., J. & G. R. R. Co.*, 111 App. Div. 4; *Meyer* v. *B. H. R. R. Co.*, 9 App. Div. 79; *Woodward* v. *N. Y. Ry. Co.*, 164 App. Div. 658; *Litzour*

v. *N. Y. City Ry. Co.*, 116 App. Div. 477; *Clancy* v. *T. & L. R. R. Co.*, 88 Hun, 496; *Reilly* v. *Met. St. Ry. Co.*, 30 Misc. Rep. 110; *Daly* v. *N. Y. Ry. Co.*, 92 N. Y. Supp. 245; *Monahan* v. *I. S. Ry. Co.*, 87 N. Y. Supp. 537.)

HOGAN, J. The plaintiff recovered judgment against the defendant for personal injuries alleged to have been caused by the negligence of defendant. Upon appeal by defendant therefrom, and from an order denying a motion for a new trial, the Appellate Division on the 4th day of June, 1915, reversed the judgment and order appealed from, dismissed the complaint and adjudged that the finding of the jury that the plaintiff was free from contributory negligence " be and the same hereby is reversed."

The evidence offered in behalf of the plaintiff was in substance as follows:

About eight o'clock in the morning of June 28th, 1911, the plaintiff's father was driving a horse attached to a one-horse "shed" (or closed top wagon), which was laden with fruit and vegetables nearly to the top of the "shed" weighing several tons. The plaintiff occupied a portion of the driver's seat on the left side of his father. The horse and wagon was proceeding north on the east side of Second avenue in the city of New York. When at about Thirty-sixth street the driver turned to travel west on Thirty-sixth street, and while crossing the north-bound track of defendant's road a collision occurred between a north-bound car and the wagon upon which plaintiff was riding, the result of which was the injuries complained of.

Upon Second avenue the defendant maintained a double-track railroad, the easterly track being the north-bound track, the westerly track the south-bound track. The distance from the easterly rail of the north-bound track to the curb on the east side of Second avenue is approxi-

1917.] Opinion, per HOGAN, J. [220 N. Y.]

mately eighteen or twenty feet. From Thirty-fifth street northerly for several blocks there is a slight up grade. Passing along Second avenue, the horse and wagon were from two to two and one-half feet from the curb. Plaintiff testified that intending to turn into Thirty-sixth street, and having reached that street, he looked and saw the car which subsequently struck the wagon right above Thirty-fifth street corner and the car was going pretty fast as usually cars run there. "I told my father to drive ahead, and it was all right. He (the father) was going to turn the horse and he stooped out to see if the car was coming;" that he, plaintiff, saw the car again just as the horse was to go upon the track, and the car was then about three pillars (of the elevated road, which as appears by the evidence are forty to forty-two feet apart) distant from the horse and wagon, or, as he states elsewhere, about one hundred and twenty-five feet. At that time the wagon was upon the car track and plaintiff told his father to whip the horse as the car was coming and the horse tried to go faster, but the load was heavy. He looked a third time, and the horse and front of the wagon was then across the track, but before the wagon was clear of the track the car collided with the rear of the same and plaintiff was thrown to the ground. While on cross-examination this witness was somewhat confused as to distances, still on redirect examination the evidence adduced upon direct examination was generally adhered to.

The father of plaintiff testified as to looking for the car, and that when the horse was three feet from the track the car was one-half block distant. Four additional witnesses were called by plaintiff, who gave evidence in effect that the horse and front part of the wagon had passed over the north-bound track, and the wagon was struck by the car on the rear end of the same, and by one witness who stood in the middle of the block, between Thirty-fifth and Thirty-sixth streets, that when the car

was opposite that point the horse was about two feet from the rail of the north-bound track.

The foregoing facts are in substance stated in the opinion of the Appellate Division.

The defendant called witnesses who gave evidence in conflict with some of the evidence offered by plaintiff, which I do not deem necessary to recapitulate other than the evidence of the motorman, which was to the effect that the speed of the car was about four miles an hour.

The opinion of the Appellate Division is to the effect that the " plaintiff saw the car a little to the north of Thirty-fifth street coming ' pretty fast.' Without halting or changing the course of the wagon which continued on its way, just as it was ' about ' to get on the ' track ' plaintiff looked again and saw the car about the distance of ' three pillars ' of the elevated road away and plaintiff then told his father ' to go ahead, plaintiff again looked and when the car was one hundred and twenty-five feet away its speed apparently unchanged. At this time the horse or some part of the wagon was on the track, and plaintiff told his father ' to whip the horse,' that the car was coming. Thus urged the horse ' tried all he could with the heavy load he had ' and had succeeded in drawing all but the back part of the wagon clear of the track when it was struck. On this state of facts a case cannot be distinguished from a number of cases where recovery has been denied on the ground of plaintiff's contributory negligence," citing in support thereof *Netterfield* v. *N. Y. City Ry. Co.* (129 App. Div. 56); *Litzour* v. *N. Y. City Railway Co.* (116 App. Div. 477); *Clancy* v. *Troy & Lansingburgh R. R. Co.* (88 Hun, 496).

The Appellate Division has held that plaintiff was guilty of contributory negligence as matter of law for continuing to cross the track after the horse and some part of the wagon was on the track at a period of time when the car was 125 feet distant, notwithstanding the

care that had been exercised by the plaintiff and the driver of the horse in observing the movement of the car. I am of opinion that the case at bar presented a question of fact for determination by a jury as to the contributory negligence of the plaintiff, and that the cases relied upon by the Appellate Division for a reversal of the judgment in this case and dismissal of the complaint do not support the holding of the Appellate Division. In *Clancy* v. *Troy & Lansingburgh R. R. Co.* (88 Hun, 496, 497) the driver of the wagon injured, in that case, when about fifteen feet from the intersection of tracks saw the car approaching at a distance of from fifty to seventy-five feet and endeavored by hurrying to cross the track in front of the same. In that case the court held that the plaintiff there was guilty of contributory negligence although the court said: "It is not easy to fix the exact boundary between the question of contributory negligence as a question of law and that of contributory negligence as a question of fact." In *Litzour* v. *N. Y. City Railway Co.* (116 App. Div. 477), by the plaintiff's own testimony, he saw a car as he approached a cross street about eighty feet away, but continued to drive a heavily loaded wagon slowly forward, and again, before his horses stepped upon the track when the car was but twenty feet away, he saw the car but undertook to cross the track. These cases it seems to me are clearly distinguishable from the case at bar.

The case of *Netterfield* v. *N. Y. City Ry. Co.* (129 App. Div. 56), cited in the opinion of the Appellate Division, is an authority in favor of the contention of the plaintiff in this case rather than against it. The facts in that case are stated in the dissenting opinion of Justice McLAUGH-LIN. The action was for personal injury. The plaintiff drove out of a stable between Fifty-fourth and Fifty-fifth streets and saw a car which subsequently collided with the carriage approaching at or near Fifty-fifth street. "He then endeavored to drive across the tracks ahead of the car, *without noticing where it was.* According to his

own testimony he did not again look until he was on the track and then he said the car 'was right on top of me.' It is quite evident that had he looked to see where the car was before he went upon the track, the accident would have been avoided." (p. 61.) The majority opinion, written by Justice INGRAHAM, contained the following language: "I think there was a question for the jury as to the defendant's negligence and the plaintiff's contributory negligence, but the judgment must be reversed because of errors in the charge and in the court's refusing to charge certain requests made by the defendant." (p. 57.)

The facts in this case are controlled by the decision in *Wessels* v. *Linch* (166 App. Div. 919; affirmed in this court, 218 N. Y. 746), where the Appellate Division of the first department and this court held that the question of contributory negligence was a question of fact for the jury and affirmed a judgment recovered by the plaintiff. In the *Wessels* case the accident occurred upon Second avenue. Plaintiff was proceeding westerly through Ninety-second street. His horses were going slowly and when he was at the house line he saw a car fifty feet north of Ninety-first street or about one hundred and eighty feet distant coming in his direction on a down grade at a speed which he testified he thought was fast. The defendant there, the defendant in this action, claimed that the evidence disclosed that the plaintiff never looked again but continued directly across the track in front of the oncoming car at an ordinary walk of about four miles an hour, and without paying any further attention to the car or without changing his course or the gait of his horse or without seeing the car hit the wheel behind him. The plaintiff there was going westerly and he offered evidence to the effect that his horses were upon the uptown track when the car was approaching one hundred and fifty feet away. When the car struck the cart upon which the plaintiff was seated his horses were on the south-bound track, the car having

struck the left-hand wheel of the truck.   The facts in the case at bar are more favorable to the plaintiff than were the facts in the *Wessels* case, affirmed by this court.

The defendant maintained double tracks on Second avenue.   It is a matter of common knowledge that cars run frequently on both of the tracks in populous avenues of that city.   A party about to cross the tracks is required to be on the lookout for approaching cars upon both tracks and to exercise reasonable care for his safety.   The plaintiff here cannot be held chargeable with contributory negligence as matter of law for attempting to cross the tracks when the car was two hundred feet distant or even one hundred and twenty-five feet distant, at which point he was in the act of crossing, by reason of a failure to halt or change his course.   The reasonableness of care exercised by him was one of fact, and a question for determination by the jury.   The judgment of the Appellate Division so far as it dismisses the complaint should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO and POUND, JJ., concur.

Judgment reversed, etc.